UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREDY KAPLAN,<br><br>                         **Plaintiff,**<br><br>       -   **against –**<br><br>NEW YORK STATE DEPARTMENT OF LABOR, ROBERTA REARDON, as Commissioner, KATHY DIX, MICHAEL PAGLIALONGO and PICO BEN-AMOTZ in their individual capacities as aiders and abettors,<br><br>                         **Defendants.** | **COMPLAINT**<br><br>**Case No.:**<br><br>**Jury Trial Demanded** |

Plaintiff, **FREDY KAPLAN**, by and through his attorneys, **ZABELL & ASSOCIATES, P.C.**, complains and alleges as follows:

## I. PRELIMINARY STATEMENT

1. Plaintiff brings this action to recover declaratory, monetary and affirmative relief based upon Defendants **NEW YORK STATE DEPARTMENT OF LABOR, ROBERTA REARDON as Commissioner** discrimination and retaliation undertaken in violation of Title VII of the Civil Rights Act of 1964 (hereinafter "Title VII"), as amended, 42 U.S. Code § 2000e *et seq.*, the New York State Human Rights Law (hereinafter "NYSHRL"), N.Y. Exec Law § 296 *et seq.* (McKinney 1993 & 2001 supp.), the New York City Human Rights Law, (hereinafter "NYCHRL"), N.Y.C. Admin. Code § 8-107, *et seq.*; and, for violations of NYSHRL §296(b) and NYCHRL §8–107(6) by Defendants **KATHY DIX, MICHAEL PAGLIALONGO** and **PICO BEN-AMOTZ** in their capacities as aiders and abettors; and other appropriate rules, regulations, statutes and ordinances.

## II.  JURISDICTION AND VENUE

2.  This Court has jurisdiction over this action pursuant to 29 U.S.C. § 626 and 28 U.S.C. §§ 1331, 1332 & 1337.

3.  This court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

4.  This action properly lies in the United States District Court, Southern District of New York, pursuant to 28 U.S.C. § 1391 and 29 U.S.C. § 621, because the unlawful employment practices alleged herein occurred within this district.

5.  This court has power to issue declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202.

6.  Plaintiff filed a timely charge of discrimination with the Equal Employment Opportunity Commission (hereinafter "EEOC").  Plaintiff brings this action within ninety (90) days of the receipt of a Notice of Right to Sue, issued by the on EEOC April 4, 2018, a true and accurate copy of which is attached hereto as **Exhibit "A"**.

## III.  PARTIES

7.  Plaintiff, **FREDY KAPLAN** (hereinafter "Plaintiff" or "Kaplan"), is a citizen of the State of New York presently residing in New York County.

8.  At all times relevant to the Complaint, Plaintiff has been an "employee" within the meaning of 42 U.S.C. § 12111(4), 29 U.S.C. § 630(f), NYSHRL § 292(1), and a "person" within the meaning of 29 U.S.C. § 630(a), and Section 292(1) of the NYSHRL and Section 8-102(1) of the NYCHRL.

9.  Defendant, **NEW YORK STATE DEPARTMENT OF LABOR** (hereinafter "Defendants" or "DOL") is a state governmental agency located at Building 12 W.A. Harriman Campus

Albany, New York 12240 with a local office located at 75 Varick Street, New York, New York.

10. Defendant DOL is charged with enforcing state labor laws, rules and regulations.

11. Upon information and belief, at all times relevant herein, Defendant DOL has been an "employer" within the meaning of 42 U.S.C. § 12111(5), 29 U.S.C. § 630(b), and Section 292(5) of the NYSHRL and Section 8-102(1) of the NYCHRL.

12. Upon information and belief, at all times relevant herein, Defendant DOL employed 20 or more employees.

13. Defendant, **ROBERTA REARDON** (hereinafter "Defendants" or "Reardon") is the appointed Commissioner of the New York State Department of Labor.

14. In this capacity, Defendant Reardon oversaw the day-to-day operations and management of the DOL at all times relevant herein.

15. Upon information and belief, at all times relevant herein, Defendant Reardon has been an "employer" within the meaning of 42 U.S.C. § 12111(5), 29 U.S.C. § 630(b), Section 292(5) of the NYSHRL and Section 8-102(1) of the NYCHRL.

16. Upon information and belief, at all times relevant herein, Defendant **KATHY DIX** (hereinafter "Ms. Dix") is a "person" pursuant to Section 219(1) of the NYSHRL and Section 8-102 of the NYCHRL, and a resident of the State of New York.

17. Upon information and belief, Ms. Dix was an associate attorney for the DOL during all times relevant herein, who is being sued in her individual capacity as an aider and abettor under NYSHRL §296(b) and NYCHRL §8–107(6).

18. Upon information and belief, at all times relevant herein, Defendant **MICHAEL PAGLIALONGO** (hereinafter "Mr. Paglialongo") is a "person" pursuant to Section 219(1) of the NYSHRL and Section 8-102 of the NYCHRL, and a resident of the State of New York.

19. Upon information and belief, Mr. Paglialongo was Deputy Counsel for the DOL during all times relevant herein, who is being sued in his individual capacity as an aider and abettor under NYSHRL §296(b) and NYCHRL §8–107(6).

20. Upon information and belief, at all times relevant herein, Defendant **PICO BEN-AMOTZ** (hereinafter "Mr. Ben-Amotz") is a "person" pursuant to Section 219(1) of the NYSHRL and Section 8-102 of the NYCHRL, and a resident of the State of New York.

21. Upon information and belief, Mr. Ben-Amotz was an employee for the DOL during all times relevant herein, who is being sued in his individual capacity as an aider and abettor under NYSHRL §296(b) and NYCHRL §8–107(6).

## IV.  FACTS

22. Plaintiff repeats and realleges each and every allegation contained herein.

23. Plaintiff was a Jewish male in his fifties at all times relevant herein.

24. Plaintiff has been a licensed attorney in the State of New York since 1989.

25. Plaintiff began his employment with Defendants on or about March 26, 2015.

26. Most recently, Plaintiff was employed as a Senior Attorney in the office of the DOL General Counsel and was assigned to the Public Works Department.

27. Throughout Plaintiff's tenure at the DOL, he received positive performance evaluations and incremental pay raises.

28. In 2015, Plaintiff worked with three (3) junior attorneys in the DOL Division of Labor and Standards and Bureau of Public Work and supervised their work.

4

29. One of these junior associates, J.R. Pichardo (hereinafter "Mr. Pichardo"), frequently obstructed Plaintiff's directives and refused both his direction and training. Mr. Pichardo also harassed his fellow junior associate colleagues. His behavior interfered with the operations of the department and created significant strife in the workplace.

30. In addition to Mr. Pichardo's harassment of his peers, in late November 2015, while in Plaintiff's presence, he made an anti-Semitic statement involving what he described as "Jewing someone down". Plaintiff immediately objected to his epithet and advised him that his comment was inappropriate in the workplace.

31. Plaintiff later became aware that Mr. Pichardo referred to him in a derogatory manner as a "Jew lawyer" in the workplace on several occasions.

32. In response, Plaintiff contacted Ms. Dix, his assigned supervisor, and lodged complaints about Mr. Pichardo's daily harassment of his peers, his inappropriate behavior, and his incessant anti-Semitic comments. In addition to Ms. Dix, Mr. Paglialongo was also present during this phone conversation. Mr. Paglialongo advised Plaintiff of his intention to file a complaint with human resources about Mr. Pichardo's behavior.

33. Upon information and belief, a complaint was then filed on Plaintiff's behalf, yet he was never questioned about the complaint, nor was he provided with a copy of any associated documents.

34. Plaintiff was later interviewed by Human Resources in or around late January 2016. After which, he received a letter confirming that Mr. Pichardo had made comments that were both anti-Semitic and created a hostile work environment, but, indicating that said behavior is acceptable at the DOL, no corrective action would be taken.

35. Shortly thereafter, in September 2016, Plaintiff was then reassigned to the Bureau of Public Works.

36. The following month, Plaintiff was summoned to the DOL's Albany office by a supervisor for the stated purpose of file review for a matter in which Plaintiff was assigned.

37. While there, Plaintiff met with Ms. Dix, his former supervisor, but did not discuss Mr. Pichardo.

38. In or around late April 2017, Jim Rogers (hereinafter "Mr. Rogers"), Deputy Commissioner, made an inquiry of Plaintiff as to whether he fabricated the allegations levied against Mr. Pichardo in January of 2016. Plaintiff vehemently denied the fabricated allegations.

39. In or about June 2017, Plaintiff was required to meet with John Dorman (hereinafter "Mr. Dorman. Mr. Dorman claimed that during Plaintiff's October 2016 meeting with Ms. Dix in Albany, he confessed that he had fabricated all the allegations in an effort to have Mr. Pichardo terminated. Again, Plaintiff vehemently denied having done so and advised Mr. Dorman of the existence of the letter issued in or around January 2016. The letter was issued following the investigation. The investigation confirmed that Mr. Pichardo had in fact made the anti-Semitic and hostile comments in the workplace, but the DOL found such behavior to be acceptable.

40. Despite these inquiries and unsupported allegations of fabrication, Plaintiff continued to perform his assigned job duties satisfactorily.

41. Yet, on October 10, 2017, Plaintiff was approached by Mr. Paglialongo and Mr. Ben-Amotz, and was given the option to either resign his position or be terminated. Plaintiff was not provided with any reason for his termination, despite his request.

42. On Monday, October 16, 2017, Plaintiff advised Mr. Paglialongo and Mr. Ben-Amotz that he refused to resign, which resulted in his termination thereafter.

43. Based upon the above described actions, Plaintiff was discriminated against because of his religious beliefs and was terminated in retaliation for his lawful complaints of discrimination.

## V. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
(Title VII – Religious Discrimination)

44. Plaintiff repeats and realleges each and every allegation contained herein.

45. Plaintiff has been discriminated against by Defendants DOL and Reardon on the basis of his religion in violation of Title VII in that Plaintiff suffered from a hostile, anti-Semitic workplace and was summarily terminated for making a complaint concerning the same.

46. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

47. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

48. The conduct of Defendants was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of punitive damages from Defendant in an amount to be determined at trial.

### SECOND CLAIM FOR RELIEF
(NYSHRL – Religious Discrimination)

49. Plaintiff repeats and realleges each and every allegation contained herein.

50. Plaintiff has been discriminated against by Defendants DOL and Reardon on the basis of his religion in violation of Title VII in that Plaintiff he suffered from a hostile, anti-Semitic workplace and was summarily terminated for making a complaint concerning the same.

51. As a proximate result of Defendants' discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

52. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

53. The conduct of Defendants was done in conscious disregard of Plaintiff's rights.  Therefore, Plaintiff is entitled to an award of injunctive and equitable relief and an award of compensatory damages from Defendants in an amount to be determined at trial.

## THIRD CLAIM FOR RELIEF
### (NYCHRL – Religious Discrimination)

54. Plaintiff repeats and realleges each and every allegation contained herein.

55. Plaintiff has been discriminated against by Defendants on the basis of his religion in violation of Title VII in that Plaintiff he suffered from a hostile, anti-Semitic workplace and was summarily terminated for making a complaint concerning the same.

56. As a proximate result of Defendant's discrimination, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

57. As a further proximate result of Defendant's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

58. The conduct of Defendant was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of injunctive and equitable relief and an award of compensatory damages from Defendant in an amount to be determined at trial.

## FOURTH CLAIM FOR RELIEF
(Title VII – Retaliation)

59. Plaintiff repeats and realleges each and every allegation contained herein.

60. Plaintiff has been retaliated against by Defendants DOL and Reardon on the basis of his complaints to Defendants regarding the unlawful treatment to which Plaintiff was subjected, as stated above, which collectively resulted in the termination of Plaintiff's employment.

61. As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

62. As a further proximate result of Defendants' actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

63. The conduct of Defendants was done in conscious disregard of Plaintiff's rights. Therefore, Plaintiff is entitled to an award of punitive damages from Defendants in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF
(NYSHRL - Retaliation)

64. Plaintiff repeats and realleges each and every allegation contained herein.

65. Plaintiff has been retaliated against by Defendants on the basis of his complaints to Defendants regarding the unlawful treatment to which Plaintiff was subjected, as stated above, which

collectively resulted in the termination of Plaintiff's employment.

66. As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial

67. As a further proximate result of Defendants actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

## SIXTH CLAIM FOR RELIEF
(NYCHRL - Retaliation)

68. Plaintiff repeats and realleges each and every allegation contained herein.

69. Plaintiff has been retaliated against by Defendants DOL and Reardon on the basis of his complaints to Defendants regarding the unlawful treatment to which Plaintiff was subjected, as stated above, which collectively resulted in the termination of Plaintiff's employment.

70. As a proximate result of Defendants' retaliation, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial

71. As a further proximate result of Defendants actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all to Plaintiff's damage in an amount to be determined at trial.

## SEVENTH CLAIM FOR RELIEF
(NYSHRL – Aider and Abettor as to Defendant Kathy Dix)

72. Plaintiff repeats and realleges each and every allegation contained herein.

73. The foregoing acts pleaded above were aided and abetted by Ms. Dix in violation of Section 296(6) of the NYSHRL.

74. As a proximate result of Ms. Dix's actions, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

75. As a further proximate result of Ms. Dix's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all contributing to Plaintiff's damages in an amount to be determined at trial.

## EIGHTH CLAIM FOR RELIEF
(NYSHRL – Aider and Abettor as to Defendant Michael Paglialongo)

76. Plaintiff repeats and realleges each and every allegation contained herein.

77. The foregoing acts pleaded above were aided and abetted by Mr. Paglialongo in violation of Section 296(6) of the NYSHRL.

78. As a proximate result of Mr. Paglialongo's actions, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

79. As a further proximate result of Mr. Paglialongo's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all contributing to Plaintiff's damages in an amount to be determined at trial.

11

**NINTH CLAIM FOR RELIEF**
(NYSHRL – Aider and Abettor as to Defendant Pico Ben-Amotz)

80. Plaintiff repeats and realleges each and every allegation contained herein.

81. The foregoing acts pleaded above were aided and abetted by Mr. Ben-Amotz in violation of Section 296(6) of the NYSHRL.

82. As a proximate result of Mr. Ben-Amotz's actions, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

83. As a further proximate result of Mr. Ben-Amotz's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all contributing to Plaintiff's damages in an amount to be determined at trial.

**TENTH CLAIM FOR RELIEF**
(NYCHRL – Aider and Abettor as to Defendant Kathy Dix)

84. Plaintiff repeats and realleges each and every allegation contained herein.

85. The foregoing acts pleaded above were aided and abetted by Ms. Dix in violation of NYCHRL §8–107(6).

86. As a proximate result of Ms. Dix's actions, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

87. As a further proximate result of Ms. Dix's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all contributing to Plaintiff's damages in an amount to be determined at trial.

## ELEVENTH CLAIM FOR RELIEF
(NYCHRL – Aider and Abettor as to Defendant Michael Paglialongo)

88. Plaintiff repeats and realleges each and every allegation contained herein.

89. The foregoing acts pleaded above were aided and abetted by Mr. Paglialongo in violation of NYCHRL §8–107(6).

90. As a proximate result of Mr. Paglialongo's actions, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

91. As a further proximate result of Mr. Paglialongo's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all contributing to Plaintiff's damages in an amount to be determined at trial.

## TWELFTH CLAIM FOR RELIEF
(NYCHRL – Aider and Abettor as to Defendant Pico Ben-Amotz)

92. Plaintiff repeats and realleges each and every allegation contained herein.

93. The foregoing acts pleaded above were aided and abetted by Mr. Ben-Amotz in violation of NYCHRL §8–107(6).

94. As a proximate result of Mr. Ben-Amotz's actions, Plaintiff has suffered and continues to suffer substantial loss of past and future earnings, bonuses, other employment benefits, all to Plaintiff's damage in an amount to be determined at trial.

95. As a further proximate result of Mr. Ben-Amotz's actions, Plaintiff has suffered and continues to suffer severe and lasting embarrassment, humiliation and anguish, and other incidental and consequential damages and expenses, all contributing to Plaintiff's damages in an amount to be determined at trial.

## VI. PRAYER FOR RELIEF

**WHEREFORE**, as a result of the discriminatory conduct and actions of Defendants herein alleged, Plaintiff demands judgment:

a.    On the First, Second, Third, Fourth, Fifth and Sixth Claims for Relief, ordering Defendants DOL and Reardon to pay Plaintiff back pay, front pay, and all benefits which would have been afforded Plaintiff but for said discrimination;

b.    on the Seventh and Eighth Claims for Relief, enjoining Defendants, its agents, employees, officers, and successors in interest, from engaging in the illegal and unlawful customs, policies, and practices described herein;

c.    awarding Plaintiff compensatory and punitive damages in an amount to be determined at trial;

d.    awarding Plaintiff the costs and disbursements this action, including reasonable attorneys' fees;

e.    awarding Plaintiff pre and post judgment interest; and

f.    awarding Plaintiff such other and further relief as the court deems just and proper.

Dated: Bohemia, New York
April 24, 2018

Respectfully submitted,
**ZABELL & ASSOCIATES, P.C.**

By: _____

Saul D. Zabell
1 Corporate Drive, Suite 103
Bohemia, New York 11716
Tel:   (631) 589-7242
Fax:  (631) 563-7475
SZabell@laborlawsny.com