

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

BARBARA D. UNDERWOOD
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8651

July 18, 2018

**By ECF and Email**
Honorable Katherine Polk Failla
United States District Judge
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007
Failla_NYSDChambers@nysd.uscourts.gov

  Re: *Kaplan v. NYS Dep't of Labor*,
    No. 18 Civ. 3629 (KPF)

Dear Judge Failla:

  This Office represents the New York State Department of Labor ("DOL") and Commissioner Roberta Reardon (collectively, "State Defendants") in this civil action brought by Plaintiff Fredy Kaplan ("Plaintiff"), a terminated DOL employee.[1] The Complaint, filed on April 24, 2018 (ECF No. 1), attempts to set forth claims of employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the New York State Human Rights Law, N.Y. Exec. Law § 296 *et seq.* (the "NYSHRL"); and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq.* (the "NYCHRL").

  We write pursuant to Your Honor's Individual Rules of Practice in Civil Cases to request a pre-motion conference concerning the State Defendants' anticipated motion to dismiss the action, in part, for lack of subject matter jurisdiction and failure to state a claim on which relief can be granted. Fed. R. Civ. P. 12(b)(1) & 12(b)(6).

## Background

  The Complaint alleges that Plaintiff worked as an attorney for DOL from March 2015 to October 2017. Compl. ¶¶ 24 & 42. Plaintiff supervised the work of three "junior associates," including a junior attorney who allegedly harassed his peers and made anti-Semitic comments regarding Plaintiff, who is Jewish. Compl. ¶¶ 28-30. Plaintiff advised his supervisor of the junior attorney's conduct, which prompted the filing of an administrative complaint and an internal investigation by DOL's "Human Resources" division. Compl. ¶¶ 32-33.

---

[1] DOL and Commissioner Reardon are the only named defendants who have been served to date. The remaining three defendants are current or former DOL officials. If any of these defendants is served and requests representation by the Office of the Attorney General, we will so advise the Court.

Subsequently, DOL investigated whether Plaintiff had "fabricated" his allegations against the junior attorney. Compl. ¶¶ 38-39. DOL's principal investigator determined that during a meeting with his supervisor, Plaintiff "confessed that he had fabricated all the allegations in an effort to have [the junior attorney] terminated." Compl. ¶ 39. In the Complaint, Plaintiff denies having fabricated the allegations. *Id.* Nevertheless, on October 10, 2017, Plaintiff was given the choice of resigning his position or being terminated. Compl. ¶ 41. Plaintiff refused to resign, and DOL terminated his employment on or after October 16, 2017. Compl. ¶ 42.[2]

Plaintiff alleges that he "was discriminated against because of his religious beliefs and was terminated in retaliation for his lawful complaints of discrimination." Compl. ¶ 43. In relevant part, the Complaint purports to set forth six claims:

- Religious discrimination in the form of a hostile work environment, in violation of Title VII (Claim I), the NYSHRL (Claim II), and the NYCHRL (Claim III).

- Retaliation, resulting in Plaintiff's termination, in violation of Title VII (Claim IV), the NYSHRL (Claim V), and the NYCHRL (Claim VI).

The Complaint names three other current and former DOL officials as defendants "in their individual capacities as aiders and abettors." Compl. at 1, Caption; *id.* ¶¶ 17, 19 & 21. By contrast, Commissioner Reardon is sued in her official capacity "as Commissioner" of DOL. Compl. at 1, Caption; *id.* ¶¶ 1 & 13-15. The Complaint seeks compensatory and punitive damages and an order enjoining DOL's purportedly "illegal and unlawful customs, policies, and practices described herein." Compl. at 14.

### Sovereign Immunity Bars Plaintiff's NYSHRL and NYCHRL Claims

The doctrine of sovereign immunity precludes Plaintiff's NYSHRL and NYCHRL claims against DOL and Commissioner Reardon. "The Eleventh Amendment bars suits against state agencies unless the state waives its sovereign immunity or it is validly abrogated by Congress." *Quadir v. N.Y.S. Dep't of Labor*, 39 F. Supp. 3d 528, 536 (S.D.N.Y. 2014) (citing *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429-31 (1997)). This immunity from suit also extends to state officials who are sued in their official capacity. *Sanchez v. City of N.Y.*, No. 15 Civ. 9940 (PKC), 2017 WL 3381892, at *2 (S.D.N.Y. Aug. 4, 2017) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)), *aff'd*, No. 17-2796-CV, 2018 WL 2670561 (2d Cir. June 5, 2018).

"New York State has neither waived, nor has Congress abrogated, [its] immunity with respect to claims arising from the ... NYSHRL, or [N]YCHRL – the very claims that constitute the instant Complaint." *Watson v. N.Y.S. Dep't of Motor Vehicles*, No. 16 Civ. 7532 (RWS), 2017 WL 2377991, at *1 (S.D.N.Y. May 31, 2017). *Accord Baez v. New York*, 629 F. App'x 116, 118 (2d Cir. 2015); *Quadir*, 39 F. Supp. 3d at 537. Thus, the Eleventh Amendment bars federal court jurisdiction over Plaintiff's NYSHRL claims.

Similarly, the Eleventh Amendment bars federal court jurisdiction over NYCHRL claims. New York City "does not have the power to abrogate the immunity of the state, and we have found no evidence that the state has consented to suit in federal court under the NYCHRL." *Quadir*, 39 F. Supp. 3d at 538 (quoting *Feingold v. New York*, 366 F.3d 138, 149 (2d Cir. 2004)).

---

[2] For purposes of this letter only, State Defendants assume, without conceding, the truth of the well-pleaded factual allegations of the Complaint, but not its legal conclusions. State Defendants reserve the right to rely on all facts that the Court is entitled to consider on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6).

Applying these principles, Courts have held that the DOL and its officials, sued in their official capacity, are immune from suit in federal court alleging violations of both the State and City human rights laws. *See, e.g., Goonewardena v. N.Y.S. Workers' Comp. Bd.*, No. 09 Civ. 8244 (LTS) (HBP), 2011 WL 4822553, at *4 (S.D.N.Y. Oct. 5, 2011) (citations omitted).

Accordingly, the Complaint's Second, Third, Fifth, and Sixth Claims should be dismissed, with prejudice, for lack of federal jurisdiction. *See* Fed. R. Civ. P. 12(b)(1); *Sanchez*, 2017 WL 3381892, at *2.

### The Complaint Fails To State A Claim Against Commissioner Reardon

Separate and apart from its jurisdictional defects, the Complaint fails to state any claim against Commissioner Reardon on which relief can be granted. Thus, the Complaint should be dismissed in its entirety, with prejudice, against her. Fed. R. Civ. P. 12(b)(6).

Plaintiff's Title VII claims against Commissioner Reardon fail as a matter of law because "Title VII does not permit claims against defendants in their official capacities." *Brunson-Bedi v. New York*, No. 15 Civ. 9790 (NSR), 2018 WL 2084171, at *10 (S.D.N.Y. May 1, 2018) (citing *Percy v. New York*, 264 F. Supp. 3d 574, 595 (S.D.N.Y. 2017) (collecting cases). *See also Mussallihattillah v. McGinnis*, 684 F. App'x 43, 47 (2d Cir. 2017) ("[I]ndividuals are not subject to liability under Title VII."). Thus, "there are no circumstances under which Plaintiff's Title VII claims against [Reardon] can stand." *Brunson-Bedi*, 2018 WL 2084171, at *10.

Moreover, Plaintiff's NYSHRL and NYCHRL claims against Commissioner Reardon fail because the Complaint does not allege that she engaged in any actionable conduct. "[I]ndividual liability under both the NYSHRL and the NYCHRL attaches only where a defendant 'actually participates in the conduct giving rise to [the] discrimination.'" *Farzan v. Wells Fargo Bank, N.A.*, No. 12 Civ. 1217 (RJS), 2013 WL 2641643, at *4 (S.D.N.Y. June 11, 2013) (quoting *Schanfield v. Sojitz Corp. of Am.*, 663 F. Supp. 2d 305, 344 (S.D.N.Y. 2009) (quoting *Feingold v. New York*, 366 F.3d at 157)). Here, the Complaint merely alleges that Commissioner Reardon is the "appointed Commissioner" who "oversaw the day-to-day operations and management of the DOL at all times relevant herein." Compl. ¶¶ 13-14. There is no allegation that she actually participated in any discrimination or retaliation against Plaintiff.

In sum, the Complaint should be dismissed in its entirety, with prejudice, against Commissioner Reardon, and Plaintiff's NYSHRL and NYCHRL claims should be dismissed, with prejudice, against both DOL and Commissioner Reardon.

In light of the foregoing, we respectfully request a conference to set a briefing schedule for Defendants' proposed motion to dismiss the Complaint, in part.

Respectfully submitted,

Michael A. Berg
Assistant Attorney General

cc: Saul D. Zabell, Esq.