Counseling and Advising Clients Exclusively on Laws of the Workplace

**Z Zabell & Associates, P.C.**
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

Zabell & Associates, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel. 631-589-7242
Fax. 631-563-7475
www.Laborlawsny.com

**Saul D. Zabell**
Email: SZabell@laborlawsny.com

July 20, 2018

*VIA* ELECTRONIC CASE FILING
*VIA* ELECTRONIC MAIL: Failla_NYSDChambers@nysd.uscourts.gov

The Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007

   Re: **Kaplan v. New York State Department of Labor, et al.**
     **Case No.: 18-CV-03629 (KPF)**

Your Honor:

  This firm is counsel to Plaintiff in the above-referenced matter. We write in opposition to the application submitted by Defendants New York State Department of Labor ("DOL") and its commissioner, Roberta Reardon ("Commissioner Reardon") (collectively, "Defendants"), which seeks a pre-motion conference in anticipation of filing a motion to dismiss certain claims found in the Complaint of this action. For the reason set forth below, Defendants' application must be denied.

  Although the Eleventh Amendment does, in a general sense, bar suits against state agencies absent a state waiving its sovereign immunity or an abrogation by Congress, it has no meaningful application in the instant analysis. Unlike claims predicated on unlawful discrimination and retaliation in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.* ("ADA") – which this Court has held are barred by the Eleventh Amendment, *see Quadir v. New York State Dep't of Labor*, 39 F. Supp.3d 528 (S.D.N.Y.) – it is well-established that Congress has abrogated sovereign immunity for claims brought under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). *See Falcon v. City Univ. of New York*, 15-CV-3421 (ADS)(ARL), 2016 WL 3920223, at *4 (E.D.N.Y. July 15, 2016) (citing *Fitzpatrick v. Bitzer*, 427 US 445, 457 (1976)).

Thus, the precedent upon which Defendants construct their argument is inapposite to the discussion. Indeed, both *Quadir* and *Watson v. New York State Dep't of Motor Vehicles*, 16-CV-7532 (RWS), 2017 WL 2377991, at *1 (S.D.N.Y. May 31, 2017) involve circumstances wherein this Court declined to exercise pendent jurisdiction over related state claims because New York neither waived, nor did Congress abrogate, its sovereign immunity in regard to the underlying federal claim. Said another way, the *Quadir* and *Watson* courts dismissed the state claims of those plaintiffs because the Eleventh Amendment bars suits against state agencies predicated on alleged violations of the ADA.

Congress has abrogated New York's sovereign immunity for purposes of Title VII claims. This Court maintains pendent jurisdiction over Plaintiff's claims brought under the New York State Human Rights Law, N.Y. Exec. Law § 296, *et seq.* ("NYSHRL") and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107, *et seq.* ("NYCHRL"). *See Young v. New York City Tr. Auth.*, 903 F2d 146, 163–64 (2d Cir. 1990) ("An exercise of pendent jurisdiction is appropriate when the federal and state claims are sufficiently related so as to be considered to comprise but one constitutional case, the test of relatedness being whether the claims derive from a common nucleus of operative fact.") (internal quotations omitted). Since this Court has jurisdiction over Plaintiff's federal claims, it may also exercise pendent jurisdiction over his related NYSHRL and NYCHRL claims. Accordingly, the Complaint's Second, Third, Fifth, and Sixth Causes of Action cannot be dismissed for lack of federal jurisdiction.

Further, Plaintiff's NYSHRL and NYCHRL claims pending against Commissioner Reardon cannot be dismissed at this stage of the action. Plaintiff alleges that Commissioner Reardon oversaw the day-to-day operations of the DOL. *See* [ECF Doc. No. 1, at ¶ 14]. These operations include the anti-Semitic and hostile work environment that has been fostered at the DOL under Commissioner Reardon's stewardship. *See id.* at ¶ 34. Because Commissioner Reardon has either acquiesced in, or tacitly authorized the unlawful actions alleged by Plaintiff, the discriminatory and retaliatory conduct pervasive at the DOL cannot be dismissed. At the very least, the extent of Commissioner Reardon's role and actual involvement in the unlawful acts alleged presents a question of fact that precludes summary dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6). *See Procter & Gamble Co. v. Xetal, Inc.*, 04-CV-2820 (DRH) (WDW), 2006 WL 752838, at *2 (E.D.N.Y. Mar. 23, 2006) ("Because the nature and extent of [corporate officer's] participation in the alleged wrongdoing is a question of fact not appropriate for disposition under Rule 12(b)(6).").

The basis for Defendants' application is premature as it relates to Commissioner Reardon and an anticipated Fed. R. Civ. P. 12(b)(6) motion. As it relates to an anticipated motion pursuant to Fed. R. Civ. P. 12(b)(1), Defendants' proposition that the DOL and Commissioner Reardon are immunized from NYSHRL

and NYCHRL liability under the Eleventh Amendment is incorrect and cannot be used as a basis to dismiss Plaintiff's claims.

For these reasons, Defendants' application must be dismissed. We remain available should Your Honor require addition information regarding our position.

Respectfully submitted,

ZABELL & ASSOCIATES, P.C.

Saul D. Zabell

cc:     Client
        All counsel of record (*via* Electronic Case Filing)