

Counseling and Advising Clients Exclusively on Laws of the Workplace

Zabell & Collotta, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel. 631-589-7242
Fax. 631-563-7475
www.Laborlawsny.com

**Saul D. Zabell**
Email: SZabell@laborlawsny.com

March 24, 2020

*VIA* ELECTRONIC MAIL: Failla_NYSDChambers@nysd.uscourts.gov &
*VIA* ELECTRONIC CASE FILING

The Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 11722

**MEMO ENDORSED**

Re: Kaplan v. NYS Dep't. of Labor
Case No.: 18-CV-3629 (KPF)

Your Honor:

We are counsel to Plaintiff in the above-referenced matter. We respectfully submit the foregoing seeking to both amend Your Honor's March 17, 2020 Order [ECF Doc. No. 84], and for clarification concerning the same.

Specifically, this morning we received a communication from Kevin Luibrand, Esq., counsel to non-party witness Kathy Dix, stating that his client is unable to appear for a subpoenaed deposition scheduled for Monday, March 30, 2020. We were advised that Ms. Dix is currently quarantined and is unable to physically attend at this time. We were also been advised that Ms. Dix cannot appear by telephone because of a stated inability to meet with counsel to review documentation in preparation for the deposition. However, Mr. Luibrand has further represented that his client is able to be deposed within the deadline already set by the Court for non-party employees of Defendant – April 17, 2020. Accordingly, we respectfully request that the Court's March 17, 2020 Order be amended to include for Plaintiff's ability to depose Ms. Dix up to and including April 17, 2020. Defendant joins in Plaintiff's application to extend the time to depose Ms. Dix to this date.

To that end, Defendant has proposed that the depositions of Ms. Dix and its employees be conducted remotely *via* video conference. Although the parities discussed a mutually agreeable location and dates for the three (3) depositions of



Defendant's employees, Defendant has taken the position that conducting in-person depositions violates the public health directives of the federal and State governments. With all due respect to the current circumstances, we believe the spirit of Your Honor's March 17, 2020 Order – which provides "Defendant to make a good-faith effort to make those witnesses available within that period" – requires Defendant to make their employees available for in-person questioning. This position is based upon my auditory limitations, which the Court was made aware in Plaintiff's previous application [ECF Doc. No. 83]. We therefore respectfully request Your Honor's guidance concerning Defendant's obligations with respect to the production of witnesses.

We thank the Court for is continued time and attention to this matter.

Respectfully submitted,

ZABELL & COLLOTTA, P.C.

Saul D. Zabell

cc: Client
All Counsel of Record (*via* Electronic Case Filing)

---

The Court is in receipt of Plaintiff's letter regarding whether Kathy Dix may be included in the tranche of witnesses for which the deadline to depose is April 17, 2020, as well as requesting the Court's guidance on whether witnesses may be deposed by video conference. The Court GRANTS the request to extend the deadline by which Ms. Dix must be deposed to April 17, 2020. However, there will be no further extensions, and the Court is of the opinion that if Mr. Luibrand is unable to physically meet with his client to review materials with her, he should expect to review said materials with her via telephone or video conference.

As for the guidance regarding the Court's prior order, the Court does prefer that those depositions take place in-person insofar as it is safe to do so. However, if live depositions cannot take place due to health concerns, the Court believes that video conferences are an acceptable substitute, given that they still provide counsel with the ability to see all parties.

SO ORDERED.

Dated: March 25, 2020
New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE