

Counseling and Advising Clients Exclusively on Laws of the Workplace

Zabell & Collotta, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel.  631-589-7242
Fax.  631-563-7475
www.Laborlawsny.com

**Saul D. Zabell**
Email:  SZabell@laborlawsny.com

March 30, 2020

**VIA** ELECTRONIC MAIL: Failla_NYSDChambers@nysd.uscourts.gov &
**VIA** ELECTRONIC CASE FILING

The Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 11722



Re:   Kaplan v. NYS Dep't. of Labor
      Case No.: 18-CV-3629 (KPF)

Your Honor:

We are counsel to Plaintiff in the above-referenced matter. We respectfully submit the foregoing in opposition to the pending application of Defendants [ECF Doc. No. 87], joined by counsel to non-party Kathy Dix, Kevin Luibrand, Esq., and which seeks to modify the subpoenas issued by Plaintiff to conduct in-person depositions of Defendant's current and former employees.

As a threshold matter, the originally scheduled depositions of Mr. Ben-Amotz and Paglialonga were cancelled due to initial uncertainties with respect the COVID-19 outbreak. The decision to reschedule these depositions came on Friday, March 13, 2020, the day following Plaintiff's deposition. At this time, the current safeguards issued by state and federal authorities closing gathering places had yet to be issued, though the rumors of their issuance were widespread. Put differently, the parties agreed to postpone these depositions until a better understanding was had with respect to this unprecedented and developing landscape caused by the virus. Although these events transpired only two (2) weeks ago, the public's understanding of how to proceed and what to expect during these circumstances were markedly different then than where we now stand.

We do not mean to underplay the seriousness of the situation. However, we respectfully submit that the fearful rationale expressed by Defendant are overstated to meet its ends. As was conveyed to Messrs. Berg and Luibrand



(counsel for the deponents), all present will undoubtedly be utilizing best-practices for the safety of themselves and others during these depositions. The proposed venue is non-public and controlled. Moreover, the timing of our rescheduling has enabled all involved ample time self-isolate and monitor their respective conditions in anticipation of the depositions, further safeguarding the health of others present. Essentially, there exists no more danger to the deponent, counsel, or the court reporter than necessary and which represent our current daily reality. Depositions are always inherently inconvenient or undesirable for the deponent – however, these circumstances present no more danger than a trip to the grocery store.

Moreover, we note that the reason that the scheduling of depositions did not occur sooner was the result of Defendant's failure to make a voluminous production of electronically stored information until March 2, 2020, forcing Plaintiff to forestall witness questioning until we were in possession of relevant documentation. Defendant has more recently requested we limit the time spent questioning the witnesses. *See* [ECF Doc. No. 87-2]. Although, again, we do not attempt to diminish the seriousness of COVID-19, Defendant's actions, including its pending application, appear to be largely based on strategic incentives.

To that end, Defendant is acutely aware of my auditory limitations, itself accommodating numerous requests for in-person hearings due to their knowledge of my disability. Video conferencing does not cure outright our concerns over the adequacy of the medium for our current task. Your Honor stated the Court's preference that these depositions be conducted in-person [ECF Doc. No. 86] – we join in that position and respectfully submit that, all things considered, the remaining depositions can be conducted safely in-person.

What Defendant seeks is ultimately a proverbial playing field, uneven in the rules it affords the competing sides. Plaintiff is not attempting to refashion the Court's Order for professional convenience – he seeks the same ability to investigate his claims as was allowed Defendant. Defendant, in turn, attempts to limit our exposure to its current and former employees, using the current crisis as a curtain to do so.

We therefore respectfully request that Defendant's pending application to modify the subpoenas issued by Plaintiff be denied. Of course, we acknowledge counsel's concerns regarding the safety of convening in such a manner. Such concerns are, however, overwrought with an anxiety over an inescapable reality. The "undue burden" argued by Defendants is one currently shared by everyone and not only the parties interested in this matter. Thus, balancing this claimed

hardship over the prejudice in overriding Plaintiff's ability to conduct in-person depositions in a controlled and safe environment – as was allowed Defendant – should weigh in favor of Plaintiff.

We thank the Court for is continued time and attention to this matter. Counsel remain available should the Court require.

Respectfully submitted,

**ZABELL & COLLOTTA, P.C.**

Saul D. Zabell

cc: Client
All Counsel of Record (*via* Electronic Case Filing)

---

```
The Court is in receipt of Defendant's letter requesting a modification of
Plaintiff's subpoenas for depositions (Dkt. #87), and Plaintiff's response
(Dkt. #88).  After carefully reviewing the parties' submissions, the Court
finds that it would be an undue burden on Defendant's three witnesses and on
Ms. Dix to require them to appear for in-person depositions, given the
current pandemic.  Accordingly, pursuant to Federal Rule of Civil Procedure
45(d)(3)(A)(iv), the Court ORDERS that all four depositions take place by
video conference.  Depositions by video conference will substantially
mitigate the many health risks to all parties, while also ensuring that
Plaintiff's counsel is able to understand deponents.


Dated:     March 30, 2020          SO ORDERED.
           New York, New York
```

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE