

Counseling and Advising Clients Exclusively on Laws of the Workplace

Zabell & Collotta, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel.  631-589-7242
Fax.  631-563-7475
www.Laborlawsny.com

**Saul D. Zabell**
Email:  SZabell@laborlawsny.com

April 8, 2020

> *VIA* ELECTRONIC MAIL: Failla_NYSDChambers@nysd.uscourts.gov &
> *VIA* ELECTRONIC CASE FILING

The Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 11722



     Re:    Kaplan v. NYS Dep't. of Labor
              Case No.: 18-CV-3629 (KPF)

Your Honor:

     This firm is counsel to Plaintiff in the above-referenced matter. We respectfully submit the foregoing opposition to Defendant's pending application [ECF Doc. No. 92], seeking the preclusion of evidence related to Plaintiff's mental health records or, in the alternative, to compel production of all mental health records from March 1, 2015 to the present. Defendant's application should be denied. Plaintiff has already provided HIPAA-compliant authorizations to all healthcare providers whom he is able to identify and no information has been withheld.

     On March 22, 2020, Plaintiff produced two (2) HIPPA-compliant authorizations for healthcare providers referenced during his deposition. As was conveyed to counsel on numerous occasions – both during Plaintiff's deposition and in later communications – Plaintiff is unable to recall from memory the names of two (2) psychiatrists with whom he claims to have sought treatment for a finite time after his termination. To overcome the obstacles posed by memory, Plaintiff has attempted to ascertain the names of these individuals through insurance records.

On April 7, 2020, Plaintiff recalled the name of one (1) psychiatrist with whom he sought treatment and is in his insurer's network. As with the prior HIPAA authorizations, there was no delay in exchanging this information with Defendant, and counsel has already been provided with the necessary paperwork to retrieve records. The name of the second psychiatrist remains unknown. This individual is outside of his insurer's network and does not appear on related documentation. It is unlikely that an Order directing Plaintiff to produce this name will affect his ability to do the same.

Plaintiff has complied with his discovery obligations to the extent he is able. Put differently, Plaintiff has in no measure failed to disclose evidence. No information is or has been withheld from Defendant. Counsel has been kept apprised of Plaintiff's efforts since the initial requests were made. Plaintiff has provided three (3) HIPAA-compliant authorizations to Defendant which relate to medical and psychiatric issues, two (2) of which predate the pending application. Defendant is in no manner prejudiced under these circumstances. Indeed, Defendant devoted substantial time to questioning Plaintiff about his claimed damages during deposition. These facts obviate a finding of prejudice, let alone any true justification for evidence preclusion.

Accordingly, we respectfully request Defendant's application be denied in its entirety. Plaintiff has identified the medical care providers which he is able to identify and provided Defendant with HIPPA-compliant authorizations for the same. Nothing is withheld. In no meaningful sense can Defendant claim prejudice.

Respectfully submitted,

ZABELL & COLLOTTA, P.C.

Saul D. Zabell

cc: Client
All Counsel of Record (*via* Electronic Case Filing)

The Court is in receipt of Defendants' letter regarding the identification of mental health practitioners (Dkt. #92), and Plaintiff's response (Dkt. #93). The Court accepts, on the record before it, that Plaintiff did not hide the fact that he received mental health treatment from healthcare professionals other than the two for whom HIPAA-compliant authorizations were disclosed in March 2020, and that the issue was instead one of Plaintiff's inability to recall the names of these professionals. (*See* Dkt. #93 at 1 ("As was conveyed to counsel on numerous occasions — both during Plaintiff's deposition and in later communications — Plaintiff is unable to recall from memory the names of two (2) psychiatrists with whom he claims to have sought treatment for a finite time after his termination.")). Plaintiff has, as of yesterday, provided the name of one of these psychiatrists and the relevant paperwork to enable Defendant to obtain the records. The Court will extend discovery until **June 1, 2020**, for the sole and limited purpose of permitting Defendant to serve the release and obtain those records.

The Court rejects, out of hand, Plaintiff's counsel's assertion that "there was no delay in exchanging this information with Defendant." (Dkt. #93 at 2). There was absolutely a delay, and Plaintiff's only refuge is in an argument that the delay was justified because of his deficiencies in recollection. The Court reminds Plaintiff that he brought this case, and that he is responsible for substantiating his claims of injury. The Court expects no further surprises from Plaintiff in this regard.

Finally, the Court notes that Defendant's concern of prejudice may be overstated. As a matter of practice, the Court does not permit counsel to suggest a specific figure for non-economic damages to the jury, and so the $10 million figure remains with the Court and the parties. *See generally Consorti* v. *Armstrong World Indus.*, 72 F.3d 1003, 1016 (2d Cir. 1995) ("Such suggestions anchor the juror's expectations of a fair award at a place set by counsel, rather than by the evidence."), *vacated on other grounds*, 518 U.S. 1031 (1996).

Dated:    April 8, 2020        SO ORDERED.
           New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE