# LUIBRAND LAW FIRM, PLLC
## 950 NEW LOUDON ROAD, SUITE 270
## LATHAM, NEW YORK 12110

Kevin A. Luibrand
Ashlynn Savarese

Phone: (518) 783-1100
Fax:    (518) 783-1901
*Service by Fax is not accepted*

**MEMO ENDORSED**

Paralegal:
Janet L. Murray

April 13, 2020

Honorable Katherine Polk Failla, U.S.D.C.J.
United State District Court
Southern District of New York
40 Foley Square
Room 2103
New York, New York 11722

> Re:  **Kaplan v. NYS Dep't of Labor, et al.**
>      **Civil Action No. 18-CV-03629 (KPF)**

Dear Judge Polk Failla:

Our office is counsel to Kathleen Dix who was formerly a defendant in connection with this matter, is identified as a defendant in an action filed in Supreme Court, County of New York under the same caption as this case, and is a non-party witness in connection with the pending case. Your honor has addressed multiple issues in connection with her deposition over the past several weeks. *See* CM/ECF documents 85-91.

A non-party deposition was held today of Ms. Dix in accordance with the Court's prior orders. The deposition was conducted by counsel to the plaintiff, Mr. Saul Zabell. The deposition started at approximately 10:00 a.m., and was continuing at 2:45 p.m. with a break from approximately noon to 1:00 p.m.

Throughout the deposition, Mr. Zabell made repeated disrespectful non-question comments toward the witness and counsel. He compared the Ms. Dix twice on the record to "Hitler", would snicker at her answers, and repeatedly made snide comments towards the witness that were not questions but done so as to intimidate her. He would raise his

voice if he received answers he did not for some reason wish to receive. He referred to me in front of my client on the record after an objection as "we don't really think too much of you". The deposition reached the point where Mr. Zabell would not allow the witness to finish her answers, on several occasions simply talking over her and refusing to let her complete her answers, and then refusing to allow the witness to finish her answers once he interfered with her answers.

Mr. Zabell's assertion that we simply walked out of the deposition is inaccurate and will be shown on the record. Mr. Zabell interrupted the witness, did not allow her to finish her answer to the question, and a colloquy began where I insisted that she be allowed to finish her answer rather than he interrupt her. He refused to allow her to finish the answer and, after the colloquy, refused to return to the question and answer so that a proper record could be made. He informed me that I could not speak (I am fully apprised of the limitation on speaking objections), and he used the non-speaking objection rule as a license to berate the witness with non-question comments directed at her. He allowed to himself the absolute right to interrupt the witness's answers. I informed him that the deposition could not continue in that manner in which he refused allow the witness to answer questions before interrupting her, and he refused, insisting that partial interrupted answers to questions stand.

The actions of plaintiff's counsel is consistent with his prior similar behavior at testimony proceedings where he was abusive of witnesses. In <u>NLRB v. Deep Distributors of Greater N.Y.</u>, 2017 NLRB LEXIS 320 aff'd at 740 Fed. Appx. 216 (2nd Cir., 2018) (attached NLRB decision, FN 14), Plaintiff's counsel was found to have threatened immigrant witnesses with deportation at an NLRB hearing, and the hearing officer described his conduct:

- "Mr. Zabell, I have never seen such misconduct engaged in by an attorney in these proceedings in my 43 years with the Board and 35 years as a judge.".

- "Your conduct before me, before we broke for lunch was improper, contemptuous, unprofessional, and constituted misconduct of an aggravated character."

- "It will not be tolerated."

Calling a non-party witness "Hitler" and otherwise snickering and making non-question comments is the same behavior. The court would never tolerate such behavior in a trial and Ms. Dix should not have to in a deposition.

Counsel for the plaintiff arranged for the stenographer, so I do not have the transcript or audio recording of the testimony at this time, but I am requesting that the court direct that a copy of both be provided so that I can submit to the Court a full application on the impropriety of the comments and the interruptions and improper conduct by counsel throughout the deposition for the Court's consideration and an application for relief including the termination of Mr. Zabell's questioning of the witness. The deposition of Ms. Dix should proceed to questioning by the Attorney General which did not participate in the behavior. A witness should not have to be subjected to being yelled at, endure inappropriate non-question derogatory comments from the questioning attorney, and not be allowed to answer questions.

Very truly yours,

LUIBRAND LAW FIRM, PLLC

By: Kevin A. Luibrand, Esq.

KAL:jlm

cc: Saul D. Zabell, Esq.
Michael A. Berg, Esq.

The Court is in receipt of a letter from Plaintiff regarding a deposition of non-party witness Kathleen Dix (Dkt. #95), and Ms. Dix's response (Dkt. #96). The Court is disturbed to hear of Mr. Zabell's alleged conduct during the deposition, and believes that further development of the record is needed. Accordingly, the Court ORDERS Plaintiff to submit a transcript of Ms. Dix's deposition to the Court, parties, and Ms. Dix by 5:00 p.m. on April 17, 2020.

SO ORDERED.

Dated: April 13, 2020
New York, New York

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE