

COURTESY COPY

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8651

April 17, 2020

**By ECF**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



Re: *Kaplan v. N.Y.S. Dep't of Labor*, No. 18 Civ. 3629 (KPF)

Dear Judge Failla:

    This Office represents the New York State Department of Labor ("DOL"). We write in opposition to Plaintiff's letter-motion to reopen discovery and to compel the deposition of Amy Karp, Esq., a DOL attorney who was identified in DOL's document production, concerning legal advice she gave on matters that are irrelevant to the parties' claims and defenses. (ECF No. 99.)

    We plan to respond by April 20, 2020, to Plaintiff's separate letter-motion (ECF No. 100) concerning a memorandum addressed to DOL's General Counsel and another State attorney, and designated as "PRIVILEGED AND CONFIDENTIAL/REQUEST FOR LEGAL ADVICE."

## Background

    Plaintiff Fredy Kaplan ("Plaintiff"), a terminated DOL attorney, filed this action on April 24, 2018 (ECF No. 1) and filed his Amended Complaint on October 29, 2018 (ECF No. 51). As limited by the Court's Opinion and Order dated July 19, 2019 (ECF No. 70), Plaintiff asserts three claims under Title VII of the Civil Rights Act of 1964: a hostile work environment based on a co-worker's alleged anti-Semitic comments, and retaliation for Plaintiff's complaints about those comments and the same co-worker's alleged sexist remarks.

    DOL's Division of Equal Opportunity Development ("DEOD") investigated Plaintiff's complaints against the co-worker, John-Raphael Pichardo, Esq. The investigation, led by DEOD's director at the time, Selica Y. Grant, Esq., confirmed that Pichardo had made sexist remarks and found it probable that he had made anti-Semitic comments regarding Plaintiff. DOL took decisive action as a result, and Pichardo resigned his position to avoid termination.

Subsequently, Plaintiff admitted fabricating his allegations that Pichardo had made anti-Semitic remarks, prompting DOL to arrange for a second, independent investigation. That investigation determined that Plaintiff did not have a factual basis for his allegations against Pichardo when he lodged his complaint, and thus had violated federal and state laws and DOL policies. Given the same choice as Pichardo, Plaintiff refused to resign and was discharged.

At her deposition on April 16, 2020, Ms. Grant testified regarding DEOD's investigation. She stated that based on witness interviews, DEOD concluded that Pichardo had violated DOL's anti-discrimination policy. She further testified that DOL counsel's office concluded that Pichardo's conduct did not rise to the level of a violation of federal or state law. Ms. Grant testified that Ms. Karp was the DOL attorney who reviewed DEOD's draft report, communicated with Ms. Grant concerning the Pichardo matter, and advised Ms. Grant on the law. DOL asserted that the substance of Ms. Karp's communications with DEOD is privileged.

### The Court Allowed Plaintiff Sufficient Time To Conduct Discovery

Plaintiff purports to request a "limited extension of the current deadline of April 17, 2020" to depose Ms. Karp. (ECF No. 99, at 1.) There is no such deadline. Discovery in this case concluded on March 31, 2020, subject to limited exceptions approved by the Court, which did not include deposing Ms. Karp. *See* Order dated Jan. 17, 2020 (ECF No. 79) (extending discovery to Mar. 31, 2020); Order dated Mar. 15, 2020 (ECF No. 81) (denying Plaintiff's request for a further extension); Order dated Mar. 17, 2020 (ECF No. 84) (denying Plaintiff's motion for reconsideration, but granting DOL's request to extend the time to produce certain witnesses to April 17, 2020). Thus, Plaintiff does not seek to "extend" discovery but to reopen it. His request is meritless, as the "court 'must' limit [the] scope of discovery where 'the party seeking discovery has had ample opportunity to obtain the information[.]" *Jackson v. Fed. Exp.*, 766 F.3d 189, 199 (2d Cir. 2014) (quoting Fed. R. Civ. P. 26(b)(2)(C)(ii)).

Here, Plaintiff had ample opportunity to conduct discovery, including any permissible discovery from Ms., Karp. Counsel complains that she was not listed in DOL's initial disclosures as "a person with knowledge relevant to this action." (ECF No. 99, at 1.) But that misstates the parties' obligations. Rule 26(a)(1) requires the disclosure of persons with "discoverable information … that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment[.]" DOL was not required to identify Ms. Karp because it does not intend to rely on her as a fact witness, and because her knowledge is privileged and thus, not discoverable. Notably, Plaintiff failed to serve any interrogatories asking DOL to identify persons with knowledge of how DOL determined whether Pichardo's conduct was unlawful.[1]

Despite Plaintiff's failure to inquire, Ms. Karp was identified in documents produced by DOL in discovery, including an organization chart that identified her as an Associate Counsel for "(HR/Litigation Support)." Plaintiff's counsel questioned several deponents about that document but did not inquire about Ms. Karp's alleged involvement in the Pichardo matter. DOL also

---

[1] By contrast, Plaintiff served an interrogatory seeking to identify the witnesses interviewed in the DEOD investigation. In response, DOL identified Ms. Grant as a person with relevant knowledge, she was deposed, and her witness list was produced.

produced, in redacted form but with its heading intact, a "Confidential Memorandum" from Ms. Karp with the subject line: "Draft Recommendation JR Pichardo[.]" Plaintiff's counsel did not question DOL's redactions, seek an explanation of Ms. Karp's role, or issue a subpoena for her deposition. Plaintiff should not be permitted to depose her now that discovery has concluded.

### Plaintiff Identifies No "Compelling" Reason To Reopen Discovery

Plaintiff's counsel asserts that "the Court previously stated that no further extensions of the discovery deadlines will be entertained."[2] (ECF No. 99, at 1.) He nevertheless argues that there are "compelling reasons" to extend (i.e., reopen) discovery. Counsel identifies no such reasons. Apart from being untimely, Plaintiff seeks privileged and irrelevant testimony.

"In civil suits between private litigants and government agencies, the attorney-client privilege protects most confidential communications between government counsel and their clients that are made for the purpose of obtaining or providing legal assistance." *In re Cnty. of Erie*, 473 F.3d 413, 418 (2d Cir. 2007). The privilege shields "(1) [communications] between government counsel and their clients that (2) [were] intended to be and [were] in fact kept confidential, and (3) [were] made for the purpose of obtaining or providing legal advice." *Id.* at 419. Ms. Grant testified that she communicated with Ms. Karp about whether Pichardo's alleged conduct violated federal and state anti-discrimination laws. The purpose of the communications was to advise DOL whether the law was violated, and what steps to take in response. The communications have been kept confidential; Plaintiff makes no claim of a waiver. Thus, the attorney-client privilege clearly protects Ms. Karp's communications with DEOD from discovery. Similarly, the attorney work product doctrine protects her analysis and thought processes. *See, e.g., In re Steinhardt Partners, L.P.*, 9 F.3d 230, 234 (2d Cir. 1993).

Finally, Plaintiff fails to demonstrate that the relevance of any testimony Ms. Karp could provide. It is undisputed that DEOD determined that Pichardo violated DOL's anti-discrimination policy and outlined several options for Pichardo's managers (who did not include Ms. Karp). As other DOL witnesses testified, they offered Pichardo the choice to resign in lieu of termination, and he accepted. Ms. Karp's testimony can add nothing of relevance to these facts. The patent irrelevance of the information sought is an additional reason to deny Plaintiff's request to reopen discovery and to compel Ms. Karp's deposition.

We appreciate the Court's continued attention to this matter.

Respectfully,

/s/

Michael A. Berg
Assistant Attorney General

---

[2] Counsel's characterization is not quite right. The Court's order actually stated: "There will be no further extensions *for Plaintiff*." (ECF 84, at 2 (emphasis added).)

Hon. Katherine Polk Failla                                      Page 4 of 4
April 17, 2020

   cc: Saul D. Zabell, Esq.
       Ryan T. Biesenbach, Esq.

The Court is in receipt of Plaintiff's letter requesting that the Court compel the deposition of Amy Karp (Dkt. #99), and Defendants' response (Dkt. #102). As the Court has noted in prior orders, discovery is closed with a few limited exceptions. Plaintiff has not identified a compelling reason for why discovery should be reopened for Ms. Karp's deposition. As Defendants note, Plaintiff knew or should have known of Ms. Karp's existence, given her identification in documents produced during discovery. Moreover, it seems that the majority of Ms. Karp's anticipated testimony would be covered by the attorney-client privilege. Accordingly, Plaintiff's application is DENIED.

Dated:    April 20, 2020                SO ORDERED.
         New York, New York

                                        HON. KATHERINE POLK FAILLA
                                        UNITED STATES DISTRICT JUDGE