

STATE OF NEW YORK
OFFICE OF THE ATTORNEY GENERAL

COURTESY COPY

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8651

April 20, 2020

**By ECF**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



Re:   *Kaplan v. N.Y.S. Dep't of Labor*, No. 18 Civ. 3629 (KPF)

Dear Judge Failla:

      This Office represents the New York State Department of Labor ("DOL"). We write in opposition to Plaintiff's letter-motion dated April 16, 2020. (ECF No. 100.) On its face, Plaintiff's motion seeks leave to file a redacted memorandum that DOL produced in discovery, a matter that is not at issue between the parties, as detailed below. (*Id.* at 1.) But Plaintiff's ultimate goal, as stated in his letter-motion, is to compel the production of the unredacted memorandum (*id.* at 2), which seeks legal advice from DOL's General Counsel and another State government attorney. Plaintiff's application should be denied because the memorandum is protected from discovery by the attorney-client privilege.

## Background

      Plaintiff Fredy Kaplan ("Plaintiff"), a terminated DOL attorney, filed this action on April 24, 2018 (ECF No. 1) and filed his Amended Complaint on October 29, 2018 (ECF No. 51). As limited by the Court's Opinion and Order dated July 19, 2019 (ECF No. 70), Plaintiff asserts three claims under Title VII of the Civil Rights Act of 1964: a hostile work environment based on a co-worker's alleged anti-Semitic comments, and retaliation for Plaintiff's complaints about those comments and the same co-worker's alleged sexist remarks.

      DOL's Division of Equal Opportunity Development ("DEOD") investigated Plaintiff's complaints against the co-worker, John-Raphael Pichardo, Esq. The investigation, led by DEOD's director at the time, Selica Y. Grant, Esq., confirmed that Pichardo had made sexist remarks and found it probable that he had made anti-Semitic comments regarding Plaintiff. DOL took decisive action as a result, and Pichardo resigned his position to avoid termination.

Hon. Katherine Polk Failla                                                                                      Page 2 of 4
April 20, 2020

Subsequently, Plaintiff admitted fabricating his allegations that Pichardo had made anti-Semitic remarks, prompting DOL to arrange for a second, independent investigation. That investigation determined that Plaintiff did not have a factual basis for his allegations against Pichardo when he lodged his complaint, and thus had violated federal and state laws and DOL policies. Given the same choice as Pichardo, Plaintiff refused to resign and was discharged.

At her deposition on April 16, 2020, Ms. Grant testified regarding DEOD's investigation and its determination that Pichardo had violated DOL's anti-discrimination policy. She testified that the State's attorneys concurred in that finding, and also concluded that Pichardo's conduct did not rise to the level of a violation of federal or state law. Under questioning from Plaintiff's attorney Saul D. Zabell, Esq., Ms. Grant recounted summarizing her analysis in a draft report or memorandum addressed to DOL General Counsel Pico Ben-Amotz, Esq., and Elaine Bartley, Esq., the director of the Workforce Development Unit in the Governor's Office of Employee Relations ("GOER"). The memorandum is designated as "PRIVILEGED AND CONFIDENTIAL/REQUEST FOR LEGAL ADVICE." Ms. Grant further testified that an attorney working in DOL Counsel's Office, Amy Karp, Esq., made "administrative" and grammatical comments on the draft report, and advised DEOD regarding the applicable law.

DOL has complied with Plaintiff's valid discovery requests concerning the DEOD investigation. For example, DOL produced emails, notes of witness interviews, questions prepared for DEOD's questioning of Pichardo, an audio recording of that interrogation, Ms. Grant's closing memorandum, and her letters to Plaintiff and Pichardo regarding the outcome of the investigation.[1] On November 21, 2019, DOL produced Ms. Grant's memorandum to Mr. Ben-Amotz and Ms. Bartley in redacted format. On the same date, DOL produced the report of the subsequent investigation into whether Plaintiff fabricated his allegations against Pichardo, which repeatedly referred to Ms. Grant's report and its findings. DOL subsequently produced several redacted drafts of the report that were stored electronically. Plaintiff's counsel did not inquire about the report or the redactions prior to Ms. Grant's deposition on April 16, 2020.

### Plaintiff's Two-Step Application To The Court Is Unnecessary

Plaintiff seeks leave to file Ms. Grant's redacted memorandum pursuant to Rule 9(B)(i) of the Court's Individual Rules of Practice in Civil Cases. Plaintiff appears to misconstrue the rule, which in our view applies when a party redacts a document for submission to the Court. Contrary to Plaintiff's letter, his counsel did not request, and we did not refuse to consent, to filing the redacted memo, which we are submitting now for the Court's convenience. *See* Ex. A. The remainder of this letter addresses Plaintiff's challenge to DOL's assertion of privilege.

---

[1] Notably, the testimony of Ms. Grant and Plaintiff confirms that DOL sent only one letter to Plaintiff regarding the DEOD investigation, and that contrary to the Complaint's allegations, the letter does not state that DOL found "anti-Semitic and hostile comments in the workplace" to be "acceptable." (ECF No. 68-1, ¶ 48.) As the Court observed in its Opinion and Order on DOL's motion to dismiss, it is doubtful that Plaintiff's claims can survive further motion practice in the absence of a letter stating that such conduct was acceptable to the DOL. (ECF No. 70, at 25.)

## **Ms. Grant's Memorandum to Counsel Is Privileged**

The U.S. Supreme Court has held that sound legal advice "depends upon the lawyer's being fully informed by the client," and thus, "the privilege exists to protect not only the giving of professional advice to those who can act on it but also the giving of information to the lawyer to enable him to give sound and informed advice." *Upjohn Co. v. United States*, 449 U.S. 383, 389-90 (1981). *See also United States v. Ghavami*, 882 F. Supp. 2d 532, 536 (S.D.N.Y. 2012). "The attorney-client privilege protects from disclosure '(1) a communication between client and counsel that (2) was intended to be and was in fact kept confidential, and (3) was made for the purpose of obtaining or providing legal advice.'" *Ghavami*, 882 F. Supp. 2d. at 536 (quoting *In re Cnty. of Erie,* 473 F.3d 413, 419 (2d Cir. 2007)).

"[I]t is clear that the privilege 'protects confidential communications between government counsel and their clients that are made for the purpose of obtaining or providing legal assistance.'" *Loguidice v. McTiernan*, No. 114 Civ. 1323 (TJM) (CFH), 2016 WL 4487779, at *6 (N.D.N.Y. Aug. 25, 2016) (quoting *In re Cnty. of Erie*, 473 F.3d at 418) (additional citations omitted). *See also Trudeau v. N.Y.S. Consumer Protection Bd*., 237 F.R.D. 325, 335-36 (N.D.N.Y. 2006) ("The privilege also protects communications between a government attorney and employees whom he or she serves in civil suits between government agencies and private litigants.") (citations and internal quotation marks omitted)).

Applying these principles, the report sought by Plaintiff is plainly privileged. It was sent to Ms. Bartley at GOER (and possibly Mr. Ben-Amotz, though Ms. Grant did not recall sending it to him) to request legal advice, and it has been kept confidential ever since. GOER is the Governor's representative in employee relations matters, *see* N.Y. Exec. L. § 650 *et seq*., and is responsible for providing state agencies with legal advice in labor and disciplinary matters. *See generally* https://goer.ny.gov/about-goer. Courts have recognized that a state agency's request or receipt of legal advice from GOER as to whether an employee violated laws or regulations "*would appear to be* an attorney client privileged matter." *Loguidice v. McTiernan*, 2017 WL 3327599, at *4 (N.D.N.Y. Aug. 3, 2017) (denying reconsideration) (emphasis in original).

On its face, the DEOD report requested legal advice, and pursuant to DOL's and GOER's policies at the time, the report sought counsel's review and approval of the findings and course of action proposed by DEOD. Indeed, Ms. Grant testified that it was counsel, not DEOD, who determined that Pichardo's conduct, while in violation of DOL policy, did not violate federal or state anti-discrimination laws. There is no basis to find that the attorney-client privilege does not apply, or that DOL has waived it.

Finally, as was true of Plaintiff's unsuccessful motion to compel the deposition testimony of Ms. Karp, the DEOD reports are irrelevant. It is undisputed that DEOD determined that Pichardo violated DOL's anti-discrimination policy and outlined several options for Pichardo's managers, who offered Pichardo the choice to resign in lieu of termination, which he accepted. Ms. Grant's request for legal guidance in the matter can add nothing of relevance to these facts.

Accordingly, Plaintiff's application should be denied in its entirety. We appreciate the Court's continued attention to this matter.

Hon. Katherine Polk Failla  Page 4 of 4
April 20, 2020

        Respectfully,

        /s/

        Michael A. Berg
        Assistant Attorney General

cc: Saul D. Zabell, Esq.
    Ryan T. Biesenbach, Esq.

```
The Court is in receipt of Plaintiff's letter seeking permission to file a
redacted document as a prelude to compelling production of the unredacted
version (Dkt. #100), and Defendant's response (Dkt. #104).  Before
resolving the matter, the Court wishes to review the unredacted version of
the document at issue in camera.  Accordingly, Defendant is directed to
email an unredacted version of the document to the inbox of the Court's
chambers.

Dated:    April 21, 2020              SO ORDERED.
          New York, New York
```

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

# Exhibit A

Case 1:18-cv-03629-KPF   Document 106-1   Filed 04/22/20   Page 1 of 6

Selica Y. Grant
Director
Division of Equal Opportunity Development

Department of Labor
W. Averell Harriman State Office Campus
Building 12, Albany, NY 12240
www.labor.ny.gov

**PRIVILEGED AND CONFIDENTIAL/REQUEST FOR LEGAL ADVICE**
**Draft Investigation Report**

TO:        Elaine Bartley, Director – NYS GOER WDU
           Pico Ben-Amotz, NYSDOL General Counsel

FROM:      Selica Y. Grant

DATE:      May 11, 2016
           July 5, 2016 (Revised)
           July 21, 2016 (Revised)

SUBJECT:   Michael Paglialonga on behalf of Fredy Kaplan – Internal Complaint Investigation against John-Raphael ("JR") Pichardo- DOL-0618



NEW YORK STATE OF OPPORTUNITY. | Department of Labor

Confidential Material

DOL000323



Confidential Material DOL000324



Page 4





