

# STATE OF NEW YORK
## OFFICE OF THE ATTORNEY GENERAL

LETITIA JAMES
ATTORNEY GENERAL

DIVISION OF STATE COUNSEL
LITIGATION BUREAU

Writer's Direct Dial: (212) 416-8651

July 6, 2020

**By ECF**
Honorable Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 10007



Re:   *Kaplan v. N.Y.S. Dep't of Labor*, No. 18 Civ. 3629 (KPF)

Dear Judge Failla:

    This Office represents the New York State Department of Labor ("DOL"), the defendant in the above-referenced action filed by Plaintiff Fredy Kaplan ("Plaintiff"). We respectfully request an extension of time to file DOL's motion for summary judgment from July 31 to August 18, 2020. This is the first request for an extension of this deadline. I have communicated with Plaintiff's counsel, Saul D. Zabell, Esq., who has not consented to the requested extension.

    The current briefing schedule was set during the post-discovery, pre-motion conference held on May 27, 2020. At that time, the Court granted DOL's request to file its motion for summary judgment by July 31. I requested that date in an attempt to accommodate several previously scheduled and anticipated briefing deadlines. In particular, I have been primarily responsible for briefing motions to dismiss five constitutional challenges to New York State's rent stabilization laws, which the real estate industry has filed in the U.S. District Courts for the Southern and Eastern Districts of New York.[1] The first two of those motions were orally argued on June 23, 2020, after which I planned to devote most of my time to DOL's motion in this case.

    While I have begun to work on DOL's motion, several unanticipated developments in the rent stabilization cases have made it impracticable to complete that submission by July 31. First, in the *CHIP* and *74 Pinehurst* cases, the Court directed the parties to submit supplemental briefs on four distinct issues raised during the June 23 oral arguments. The plaintiffs' supplemental

---

[1] All five complaints allege that New York's regime of rent stabilization, as amended in 2019, effects both a physical and regulatory taking of property without just compensation and violates landlords' due process rights. S*ee Cmty. Hous. Improvement Prog. v. City of N.Y.*, E.D.N.Y. No. 19 Civ. 4087 (EK) (RLM) ["*CHIP*"]; *74 Pinehurst LLC v. State of N.Y.,* E.D.N.Y. No. 19 Civ. 6447 (EK) (RLM); *Building and Realty Inst. of Westchester v. State of N.Y.*, S.D.N.Y. No. 19 Civ. 11285 (KMK) ["*BRI*"]; *G-Max Mgmt., Inc. v. State of N.Y.*, S.D.N.Y. No. 20 Civ. 634. (KMK); *335-7 LLC v. City of N.Y.*, S.D.N.Y. No. 20 Civ. 1053 (ER).

Hon. Katherine Polk Failla  Page 2 of 2
July 6, 2020

briefs are due July 10. The State Defendants[2], represented by the undersigned counsel, are due to file their response by July 17. Separately, in the past week, I reached an impasse with Plaintiff's counsel in the *74 Pinehurst* action regarding a jurisdictional issue, which will necessitate further supplemental briefing on the issue of sovereign immunity under the Eleventh Amendment. We also were compelled to file a brief opposing a landlord's motion to intervene in *BRI* on July 3. We are due to oppose another such motion filed by a different property owner in *335-7 LLC* by July 24 – which is also State Defendants' deadline to file their reply brief in support of their motion to dismiss the same action.

Despite these obligations, I anticipate being able to complete DOL's summary judgment submission by mid-August. As such, DOL respectfully requests an extension of the July 31 motion deadline to August 18, 2020. We would consent to a commensurate extension of time for Plaintiffs' opposition (currently August 21, 2020) and DOL's reply (currently September 11, 2020). Alternatively, we would consent to any reasonable extension that Plaintiff may request.

Pursuant to Section 2.D of the Court's Individual Rules of Practice in Civil Cases, DOL is required to state "whether the adversary consents" to a proposed extension of time, "and, if not, the reasons given by the adversary for refusing to consent." I emailed Mr. Zabell today, requesting his consent. His response stated, in its entirety: "Really? You have a full team at your disposal and were granted additional time by the court when you requested it?" Contrary to Mr. Zabell's email, I am the only assistant attorney general assigned to this matter.

We respectfully request that the Court grant the extension sought on behalf of DOL. We appreciate Your Honor's continued attention to this matter.

Respectfully,

/s/

Michael A. Berg
Assistant Attorney General

cc: Saul D. Zabell, Esq.
Ryan T. Biesenbach, Esq.

---

Application GRANTED.  Defendant's opening papers are due on or before August 18, 2020; Plaintiff's opposition papers are due on or before September 18, 2020; and Defendant's reply papers are due on or before October 2, 2020.

SO ORDERED.

Dated: July 7, 2020
New York, New York

*[signature: Katherine Polk Failla]*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE

---

[2] In the rent stabilization cases, this office represents the State of New York, its Division of Housing and Community Renewal ("DHCR"), DHCR Commissioner RuthAnne Visnauskas, DHCR Deputy Commissioner Woody Pascal, and Attorney General Letitia James (collectively, "State Defendants").