

Counseling and Advising Clients Exclusively on Laws of the Workplace

Zabell & Collotta, P.C.
1 Corporate Drive
Suite 103
Bohemia, New York 11716
Tel. 631-589-7242
Fax. 631-563-7475
www.Laborlawsny.com

**Saul D. Zabell**
Email: SZabell@laborlawsny.com

March 4, 2021

<u>*VIA* ELECTRONIC CASE FILING</u>

The Honorable Katherine Polk Failla
United States District Judge
United States District Court
Southern District of New York
40 Foley Square, Room 2103
New York, New York 11722



   Re: Kaplan v. NYS Dep't. of Labor
     <u>Case No.: 18-CV-3629 (KPF)</u>

Your Honor:

  We are counsel to Plaintiff in the above-referenced matter. Today, this office received an unsolicited communication which contained information that, if true, indicates that Kathleen Dix perjured herself during her deposition.

  Although we are mindful that discovery is closed and Defendant's motion for summary judgment is currently pending before Your Honor [ECF Doc. No. 117], we nonetheless wish for the opportunity to re-depose Ms. Dix regarding discrete portions of her testimony that reflet upon her honesty and integrity.

  We do not make this application lightly. However, as the Court is aware, Plaintiff's allegations, at least with respect to his unlawful retaliatory termination, were precipitated by Ms. Dix. Specifically, on or about March 27, 2017, Ms. Dix told Michael Paglialonga and Pico Ben-Amotz, Plaintiff's supervisors, that on or about October 18, 2016, Plaintiff admitted that he "made up" his accusation that John-Raphael Pichardo, II, had made anti-Semitic comments about him. The fact Ms. Dix made this statement is undisputed. *See* [ECF Doc. No. 127-9, at ¶ 49]. Further, it was the testimony of Ms. Dix, including her "credibility", that formed the conclusion of John Dormin's investigatory findings, initialed solely on the allegation of Ms. Dix. *See id.*, at ¶¶ 62-65.

  This information came to us from a family member of Ms. Dix and, if believed, would render her testimony perjured and inherently untrustworthy. The information



**Zabell & Collotta, P.C.**
EMPLOYMENT COUNSELING, LITIGATION, LABOR & BENEFITS LAW

March 4, 2021
Page 2 of 2

touches upon Ms. Dix's propensity for truthfulness both at the time of the actions forming the subject matter of this action as well as her deposition testimony. The information concerns her mental state during these timeframes, both in terms of her psychological state, her medication, and the side effects stemming from each. Additionally, this information concerns Ms. Dix's underlying knowledge of Mr. Dormin's investigation, her knowledge of the potential consequences of her actions and, thus, an incentive to fabricate the story which resulted in Plaintiff's termination.

We therefore respectfully request that the Court reopen discovery for the limited purpose of allowing Plaintiff to re-depose Ms. Dix on these limited issues. Should the Court see fit to grant this request, we further request Your Honor's determination concerning Defendant's pending application be held in abeyance until such time as the parties are able to brief this issue.

Counsel remain available should Your Honor require additional information in connection with this correspondence or its subject matter. Because of the sensitive nature of the information, we have not included it herewith but are prepared to provide it to the Court if requested.

Respectfully submitted,

ZABELL & COLLOTTA, P.C.

Saul D. Zabell

Encl.

cc: Client
All Counsel of Record (*via* Electronic Case Filing)

---

```
The Court is in receipt of Plaintiff's above request to reopen
discovery for the limited purpose of re-deposing Ms. Dix.  (Dkt.
#135).  Plaintiff is directed to submit an in camera letter on or
before March 10, 2021, providing further information on the basis
for their request, as well as the genesis of this information.  The
Court will then determine whether it requires any response from
Defendant.
```

SO ORDERED.

Dated:    March 5, 2021
          New York, New York

*Katherine Polk Failla*

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE