UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDY KAPLAN,

Plaintiff,

- against -

NEW YORK STATE DEPARTMENT OF LABOR,

Defendant.

18 CV 3629 (KPF)

**SETTLEMENT
AGREEMENT, GENERAL
RELEASE, AND ORDER
OF DISMISSAL**

This SETTLEMENT AGREEMENT, GENERAL RELEASE, AND ORDER OF DISMISSAL ("Settlement Agreement") is made by and between Plaintiff Fredy Kaplan ("Plaintiff") and Defendant the New York State Department of Labor ("DOL" or "Defendant") as follows:

WHEREAS, Plaintiff commenced this action by filing a complaint on or about April 24, 2018 ("the Complaint"), in the United States District Court for the Southern District of New York, Case Number 18 CV 3629 (KPF), alleging claims against DOL, Roberta Reardon, Pico Ben-Amotz, Michael Paglialonga, and Kathy Dix ("Defendants") under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII"), the New York State Human Rights Law, N.Y. Exec. L. § 296 *et seq.* (the "NYSHRL"), and the New York City Human Rights Law, N.Y.C. Admin. Code § 8-107 *et seq.* (the "NYCHRL") (the "Federal Action"); and

WHEREAS, Plaintiff filed an amended complaint on or about October 29, 2018 and a corrected amended complaint on or about June 26, 2019 (the "Corrected Amended Complaint"); and

WHEREAS, by an Opinion and Order dated July 19, 2019, the Court dismissed all claims against Reardon, Ben-Amotz, Paglialonga, and Dix (the "Individual Defendants") and all NYSHRL

and NYCHRL claims against DOL, and otherwise denied DOL's motion to dismiss the Corrected Amended Complaint; and

WHEREAS, by an Opinion and Order dated March 22, 2021, the Court granted in part and denied in part DOL's motion for summary judgment; and

WHEREAS, on or about September 27, 2019, Plaintiff commenced an action by filing a summons and complaint in the Supreme Court of the State of New York, Suffolk County, Index No. 619183/2019, alleging claims against DOL, Ben-Amotz, Paglialonga, and Dix under the NYSHRL and NYCHRL (the "State Action"); and

WHEREAS, on or about December 20, 2019, Plaintiff filed a stipulation on behalf of Plaintiff, DOL, Ben-Amotz, and Paglialonga to transfer the venue of the State Action to New York County, but the docket indicates that the State Action has not been so transferred; and

WHEREAS, the claims and allegations in the Federal Action and State Action, together with all related filings and proceedings, constitute "the Litigation"; and

WHEREAS, DOL expressly denies any wrongful conduct or liability, or violation of any federal, state, or local statute, ordinance, or law in this matter whatsoever; and

WHEREAS, Plaintiff and DOL desire to fully resolve the claims between them and any and all other disputes, whether known or unknown, without further litigation or proceedings before any court or other agency, and without admission of fault or liability;

NOW THEREFORE, in consideration of the mutual promises, covenants, representations and other consideration contained in this Settlement Agreement, Plaintiff and Defendant hereby stipulate and agree as follows:

1.     **Dismissal of the Action with Prejudice.**

a.     The Federal Action, and all claims asserted in it, are hereby dismissed with prejudice pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii) and without payments, attorneys' fees, costs, disbursements, or expenses in excess of the amounts specified in paragraph 3 of this Settlement Agreement.

b.     Simultaneous with the execution of this Settlement Agreement, counsel for Plaintiff shall execute and file a Notice of Voluntary Discontinuance with Prejudice of the State Action in the form annexed hereto as **Exhibit A**, or in such other form as the Supreme Court, State of New York, shall direct, dismissing with prejudice pursuant to N.Y. Civil Practice Law and Rules § 3217 the State Action and all claims asserted in it, without payments, attorneys' fees, costs, disbursements or expenses.

c.     Simultaneously with the execution of this Settlement Agreement, counsel for Plaintiff shall execute and file a Stipulation and Order in the form annexed hereto as **Exhibit B** (the "Stipulation and Order of Dismissal With Prejudice"), dismissing with prejudice the Federal Action and all claims asserted in it against the Individual Defendants in their individual and official capacities pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), without payments, attorneys' fees, costs, disbursements or expenses.

2.     **Payments to Plaintiff and Plaintiff's Attorney.**

In full consideration of Plaintiff's execution of this Settlement Agreement, his agreement to be bound by its terms, and his undertakings as set forth herein, including the dismissal of the Federal Action and the State Action with prejudice, and other good and valuable consideration, the sufficiency of which is hereby acknowledged, the State of New York on behalf of DOL shall pay

the gross sum of ONE HUNDRED SIXTY-FIVE THOUSAND DOLLARS ($165,000.00) to Plaintiff/Plaintiff's attorneys as follows:

      a.      DOL shall pay to Plaintiff the gross sum of ONE HUNDRED FIVE THOUSAND DOLLARS ($105,000.00), for which an I.R.S. Form W-2 shall be issued, in full and complete satisfaction of any and all claims, allegations, or causes of action for lost wages, including but not limited to, lost wages, benefits, back pay, front pay, severance pay, commissions, bonuses, reimbursements, pension plan contributions, and any non-vested retirement, pension, health, or savings plan benefits, or other compensation, less all applicable withholdings, payroll deductions, and taxes. The foregoing payment shall be made payable to Fredy Kaplan, Esq. and mailed to Saul D. Zabell, Esq., Zabell & Collotta, P.C., 2 Corporate Drive, Bohemia, N.Y. 11716.

      b.      The State of New York, on behalf of DOL, shall pay the gross sum of SIXTY THOUSAND DOLLARS ($60,000.00), for which I.R.S. Forms 1099 shall be issued to each of Plaintiff and Plaintiff's attorneys in this amount, in full and complete satisfaction of any and all claims, allegations, or causes of action for attorneys' fees, costs, disbursements, and expenses incurred by Plaintiff or Plaintiffs' attorneys for any and all counsel who have at any time represented or assisted Plaintiff in the Litigation, or in connection with any other proceeding, administrative, judicial, or otherwise and any other claim or action arising from, related to, based upon, or alleging any of the acts, transactions, occurrences, or omissions asserted or purportedly asserted in the Litigation. The foregoing payment shall be made payable to Zabell & Collotta, P.C. and mailed to Saul D. Zabell, Esq., Zabell & Collotta, P.C., 2 Corporate Drive, Bohemia, N.Y. 11716.

3.        **State Approval of Payments.**

The payments referenced in Paragraph 2 of this Settlement Agreement are conditioned upon and subject to the approval of all appropriate state officials in accordance with N.Y. Public Officers Law § 17. Plaintiff and Plaintiff's attorneys agree to promptly execute and deliver all necessary and appropriate vouchers and other documentation requested with respect to obtaining such approval and effectuating payment.

4.        **Accrual of Interest.**

In the event that the payments referenced in Paragraph 2 of this Settlement Agreement have not been made by the one hundred twentieth (120th) day after the receipt by the Office of the Attorney General of a "So Ordered" copy of this Settlement Agreement, entered on the docket by the Clerk of the Court, together with all other requested documentation required under Paragraphs 3 and 7 of this Settlement Agreement, interest on any part of the sum not paid by the end of the one hundred twentieth (120th) day shall accrue on the outstanding principal balance at the statutory rate prescribed by 28 U.S.C. § 1961, commencing on the one hundred and twenty-first (121st) day after receipt of all required documentation by the Office of the Attorney General of all documentation required under Paragraphs 3 and 7 of this Settlement Agreement.

5.        **Liability for Taxes.**

Any taxes, or interest or penalties on taxes, on the payments referenced in Paragraph 2 of this Settlement Agreement shall be the sole and complete responsibility of Plaintiff, or his attorneys for fees paid to said attorneys. Plaintiff and his attorneys agree and acknowledge that they shall have no claim, right, or cause of action against DOL and/or the State of New York, or any of the State's agencies, departments, divisions, officers, employees, agents, attorneys, and insurers, whether in their individual or official capacities, or any of them, or all of them, on account

of such taxes, interest, or penalties. Plaintiff agrees that he will defend, indemnify, and hold harmless DOL and/or the State of New York, or its present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, and insurers, whether in their individual or official capacities, or any of them, or all of them, in any claim, proceeding, action, or demand brought in any forum or manner, judicial, administrative or otherwise, to satisfy or for the satisfaction of any such tax or interest or penalty on such tax.

6.      **Responsibility of Plaintiff for Liens and Setoffs.**

Plaintiff agrees that DOL or the State of New York, or any of the State's agencies, departments, divisions, officers, employees, agents, attorneys, and insurers, whether in their individual or official capacities, or any of them, or all of them, shall not be responsible for the satisfaction of any liens, or the payment of setoffs, deductions, or recoupments of any kind, including any and all workers' compensation, tax, Medicare, Medicaid, unemployment compensation, or child support liens, that may attach to the payments referenced in Paragraph 2 and that Plaintiff shall have no claim, right, or cause of action on account of such liens or setoffs.

7.      **Medicare Certification.**

Plaintiff represents and warrants that he is not a Medicare recipient and/or Medicare eligible, has never been on Medicare or Social Security Disability Insurance ("SSDI"), that no conditional payments have been made on his behalf by Medicare, and further that he does not expect to be Medicare eligible and/or a recipient within the next thirty (30) months following the date of this Settlement Agreement. Plaintiff agrees to deliver a fully executed and notarized Affidavit of Medicare Eligibility Status in the form annexed hereto as Exhibit C ("Medicare Affidavit") to the Office of the Attorney General. Plaintiff acknowledges and understands that

6

receipt of this document by the Office of the Attorney General is a prerequisite to payment of the settlement amounts referenced in paragraph 2, and that this document falls within the category of "other documentation" and "required documentation" described in Paragraphs 3 and 4 of this Settlement Agreement.

**8.     Liability of Plaintiff for Any Medicare Payments or Medicare Liens.**

Plaintiff agrees to defend, indemnify, and hold harmless DOL or the State of New York, or any of the State's offices, agencies, departments, divisions, officers, employees, agents, attorneys, and insurers, whether in their individual or official capacities, or any of them, or all of them, for any liens or past or future Medicare payments presently known or unknown in connection with the Action.  If conditional or future anticipated Medicare payments have not been satisfied, DOL and the State of New York reserve the right to issue a multi-party settlement check naming Medicare as a payee or to issue a check to Medicare directly based on the Medicare Final Demand Letter with respect to the amounts specified in Paragraph 2 of this Settlement Agreement. Upon receipt of all required documentation under Paragraphs 3 and 7, payment of the settlement amounts specified in Paragraph 2 shall be made in accordance with the terms set forth herein.

**9.     General Release in Favor of Defendant.**

For and in consideration of the payments referenced in Paragraph 2 of this Settlement Agreement and other good and valuable consideration, the sufficiency of which is hereby acknowledged, and except for the rights and obligations set forth in this Settlement Agreement, Plaintiff, on behalf of himself, his heirs, executors, administrators, successors, and assigns (collectively, "the Releasing Parties"), hereby releases and forever discharges DOL and the State of New York, together with their offices, agencies, departments, divisions, as well as their present and former officers, employees, agents, attorneys, insurers, whether in their individual or official

capacities, or any of them, or all of them (collectively, "the Released Parties") from all manner of actions, proceedings, suits, grievances, injuries, debts, obligations, dues, sums of money, accounts, contracts, controversies, agreements, promises, damages, judgments, claims, and demands whatsoever, direct or indirect, known or unknown, discovered or undiscovered, that the Releasing Parties ever had, now have, or shall or may have in the future against some, any, or all of the Released Parties, for or by reason of any act, transaction, occurrence, omission, cause, matter, or thing whatsoever up to and including the date of this Settlement Agreement, including: (a) any and all claims, causes of action, grievances pursuant to any applicable collective bargaining agreement, rights, or administrative charges related to or arising out of the acts, transactions, occurrences, or omissions which are described, alleged, or contained in the Litigation; (b) any and all claims, causes of action, grievances pursuant to any applicable collective bargaining agreement, rights, or administrative charges related to or arising directly or indirectly from Plaintiff's employment or association with any of the Released Parties,  including any and all claims under 42 U.S.C. §§ 1981-1988, Title VII, the Rehabilitation Act of 1973, 29 U.S.C. § 794 *et seq.*, the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.*, the Family and Medical Leave Act of 1993, 29 U.S.C. §2601 *et seq.*, the NYSHRL, the NYCHRL, N.Y. Labor Law §§ 194, 740, and 741, N.Y. Civil Service Law § 75-b, the United States Constitution, the New York State Constitution, and the New York City Charter; and (c) any and all other claims, causes of action, grievances pursuant to any applicable collective bargaining agreement, rights, or administrative charges for relief, whether for moneys owed, equitable relief, costs, fees, or other expenses, including attorney's fees. Plaintiff is not waiving or releasing any nonwaivable statutory protections. Plaintiff is not waiving or releasing and claims that may arise after Plaintiff executes this Settlement Agreement. Plaintiff is not waiving or releasing and claims under New York Military Law; any claims under New York

Labor Law §§ 220 to 224; any unemployment benefit rights under the New York Unemployment Insurance Law. Additionally, nothing in this release prohibits Plaintiff's right to testify, assist, or participate in an investigation, hearing, or proceeding conducted by the EEOC.

**10.      No Other Action or Proceeding Commenced.**

Other than the Federal Action and State Action, Plaintiff represents that he has not commenced, maintained, or prosecuted any action, charge, complaint, grievance, or proceeding of any kind that is still pending against the Released Parties, on his own behalf or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that none of the foregoing is currently pending in any court or before any administrative or investigative body or agency, and acknowledges that this representation constitutes a material inducement for Defendant to enter into this Settlement Agreement.

**11.      Waiver of Attorneys' Lien.**

The undersigned attorneys for Plaintiff do hereby release and waive any attorneys' lien they may have on the settlement proceeds in the Action pursuant to N. Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

**12.      No Other Attorney.**

Plaintiff represents and warrants that besides the undersigned attorneys for Plaintiffs, there are no other attorneys that have a lien on the settlement proceeds in the Action pursuant to the provisions of N.Y. Judiciary Law §§ 475 and 475-a or any other state or federal law, statute, contract, or otherwise.

13.        **No Prevailing Party.**

Neither Plaintiff nor Defendant shall be deemed a "prevailing party" for any purpose, including any statutory or contractual claim based upon "prevailing party" status with respect to the Litigation.

14.        **Binding Effect on Successors and Assigns.**

The terms and conditions of this Settlement Agreement shall inure to the benefit of, and be binding upon, the successors and assigns of each party hereto.

15.        **Authority.**

Each signatory to this Settlement Agreement hereby represents and warrants that he, she, or it has the requisite authority to enter into this Settlement Agreement, and has not previously assigned or transferred any rights or interests with respect to the matters covered by this Settlement Agreement.

16.        **Voluntary Agreement.**

Plaintiff represents that he has thoroughly discussed all aspects of this Settlement Agreement, including the General Release, with his counsel, and Plaintiff represents that he has carefully read and fully understands all of the provisions of this Settlement Agreement. Plaintiff represents that he executes and delivers this Settlement Agreement voluntarily after being fully informed of its terms, contents, and effect, and acknowledges that he understands its terms, contents, and effect. Plaintiff acknowledges that he has consulted with his attorneys before agreeing to any settlement or release, and no compromise or representation of any kind, other than as set forth or referred to herein, has been made to any party or any one acting on behalf of any party.

17.      **Negotiated Agreement.**

The parties acknowledge that each party has cooperated in the drafting and preparation of this Settlement Agreement.  The language in all parts of this Settlement Agreement shall be in all cases construed according to its fair meaning and not strictly for or against any party.

18.      **No Admission of Liability.**

It is understood and agreed that any actions taken or payments made pursuant to this Settlement Agreement are made solely to avoid the burdens and expense of protracted litigation; that this Settlement Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination on the merits of any claims in this dispute or as constituting any admission of wrongdoing or liability on the part of DOL, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, insurers, whether in their individual or official capacities, or any of them, or all of them, and that they expressly deny any wrongdoing or liability. Nothing contained in this Settlement Agreement shall be deemed to constitute a policy or practice of DOL or the State of New York.

19.      **No Precedential Value.**

This Settlement Agreement shall not in any manner be construed as determinative of the issues raised in the Litigation or any other proceeding, and shall have no precedential value. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop DOL, the State of New York, or their present and former agencies, subdivisions, subsidiaries, administrators, principals, officers, employees, directors, members, trustees, agents, attorneys, and insurers, whether in their individual or official capacities, or any of them, or all of them, in pending or future actions or proceedings in which the same or similar issues

are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

**20.**     **Entire Agreement.**

This Settlement Agreement constitutes the entire agreement between the parties hereto pertaining to the subject matter hereof, and supersedes and embodies, merges and integrates all prior and current agreements and understandings of the parties hereto, whether written or oral, with respect to the subject matter of this Settlement Agreement, and may not be clarified, modified, changed, or amended except in a writing duly executed by the parties hereto or an authorized representative of the parties hereto.

**21.**     **Governing Law.**

The terms of this Settlement Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts to be performed wholly within the State of New York, except to the extent that federal law applies to the releases and waiver of federal claims pursuant to this Settlement Agreement.

**22.**     **Severability.**

With the exception of paragraphs 1, 3, 7, 9, 10, and 13 of this Settlement Agreement, if any other provision of this Settlement Agreement shall be held by a court of competent jurisdiction to be invalid, void, or unenforceable in whole or in part, such decision shall not invalidate the remaining portion or affect its validity.

**23.**     **Headings.**

The headings contained in this Settlement Agreement are for convenience of reference only and are not a material part of this Settlement Agreement.

24.     **Submission to the Court.**

This Settlement Agreement shall be submitted without further notice to the Court to be "So Ordered."

25.     **Counterparts.**

This Settlement Agreement may be executed in several counterparts, each of which shall be deemed an original and which, taken together, shall constitute one and the same instrument.

26.     **Authority to Sign Agreement.**

The Parties and the signatories to this Agreement represent and warrant that the signatories executing this Agreement on behalf of each Party have full authority to do so and to make the representations, warranties, and agreements contained herein.

**IN WITNESS WHEREOF**, the parties hereto acknowledge that they have read this Settlement Agreement, and accept and agree to the provisions contained herein, and have each executed this Settlement Agreement to be effective on the day and date first above written.

Dated: August ___, 2021

_____
FREDY KAPLAN

STATE OF NEW YORK          )
                           ) ss.:
COUNTY OF ___King___       )

On the __9th__ day of August 2021, before me personally came and appeared FREDY KAPLAN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument, and acknowledged to me that he executed the same in his capacity, and that by his signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

PIYUSH B. SONI
Notary Public, State of New York
No. 01SO6038647
Qualified in Kings County
Commission Expires March 20, 2022

13

Dated: August __11___, 2021

ZABELL & COLLOTTA, P.C.
*Attorneys for Plaintiff Fredy Kaplan*
By:

_____
Saul D. Zabell, Esq.
2 Corporate Drive
Bohemia, New York 11716
(631) 589-7242
szabell@laborlawsny.com


Dated: August _____, 2021

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant the New York
State Department of Labor*
By:


_____
Michael A. Berg, Esq.
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8651
michael.berg@ag.ny.gov


Dated:        August 13, 2021
              New York, New York

**SO ORDERED:**


_____
Honorable Katherine Polk Failla
United States District Judge

Dated: August _____, 2021

ZABELL & COLLOTTA, P.C.
*Attorneys for Plaintiff Fredy Kaplan*
By:

_____

Saul D. Zabell, Esq.
2 Corporate Drive
Bohemia, New York 11716
(631) 589-7242
szabell@laborlawsny.com

Dated: August __1/__, 2021

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendant the New York*
*State Department of Labor*
By:

_____

Michael A. Berg, Esq.
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8651
michael.berg@ag.ny.gov

Dated: August __13__, 2021

New York, New York

**SO ORDERED:**

_____

Honorable Katherine Polk Failla
United States District Judge

14

# Exhibit A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

FREDY KAPLAN,

                                  Plaintiff,

            -   against –                                    Index No. 619183/2019

                                                            **STIPULATION OF**
                                                            **DISCONTINUANCE**
NEW YORK STATE DEPARTMENT OF                                **WITH PREJUDICE**
LABOR, and KATHY DIX, MICHAEL
PAGLIALONGA and PICO BEN-AMOTZ in their
individual capacities as aiders and abettors,

                                  Defendants.

        **IT IS HEREBY STIPULATED AND AGREED** by and between the undersigned, the

attorneys of record for all of the parties to the above-captioned action, that whereas no party hereto

is an infant, incompetent person for whom a committee has been appointed or conservatee, and no

person not a party has an interest in the subject matter of the action, this action is hereby is

discontinued with prejudice, without costs to any party as against any other party. It is further

agreed by all counsel of record that faxed or emailed copies of counsel's signatures are valid and

effective as if original.

| Dated: August 11, 2021 | Dated: August __, 2021 |
|---|---|
| **ZABELL & COLLOTTA, P.C.** | **LETITIA JAMES<br>ATTORNEY GENERAL<br>STATE OF NEW YORK** |
| By: _____<br>Saul D. Zabell, Esq.<br>1 Corporate Drive, Suite 103<br>Bohemia, NY 11716<br>(631) 589-7242<br>SZabell@laborlawsny.com | By: _____<br>Michael A. Berg, Esq.<br>Assistant Attorney General<br>28 Liberty Street<br>New York, New York 10005<br>(212) 416-8651<br>michael.berg@ag.ny.gov |
| *Attorneys for Plaintiff Fredy Kaplan* | *Attorneys for Defendants the New York State Department of Labor, Pico Ben-Amotz, and Michael Paglialonga* |
| | Dated: August __, 2021 |
| | **LUIBRAND LAW FIRM, LLC** |
| | By: _____<br>Kevin Luibrand, Esq.<br>950 New Loudon Road, Suite 270<br>Latham, New York 12110<br>(518) 213-3770<br>kluibrand@luibrandlaw.com |
| | *Attorneys for Defendant Kathy Dix* |

So Ordered:

_____
J.S.C.

1

Dated: August __, 2021

**ZABELL & COLLOTTA, P.C.**

By: _____
    Saul D. Zabell, Esq.
    1 Corporate Drive, Suite 103
    Bohemia, NY 11716
    (631) 589-7242
    SZabell@laborlawsny.com

*Attorneys for Plaintiff Fredy Kaplan*

Dated: August _11_, 2021

**LETITIA JAMES
ATTORNEY GENERAL
STATE OF NEW YORK**

By: _____
    Michael A. Berg, Esq.
    Assistant Attorney General
    28 Liberty Street
    New York, New York 10005
    (212) 416-8651
    michael.berg@ag.ny.gov

*Attorneys for Defendants the New York State
Department of Labor, Pico Ben-Amotz, and
Michael Paglialonga*

Dated: August __, 2021

**LUIBRAND LAW FIRM, LLC**

By: _____
    Kevin Luibrand, Esq.
    950 New Loudon Road, Suite 270
    Latham, New York 12110
    (518) 213-3770
    kluibrand@luibrandlaw.com

*Attorneys for Defendant Kathy Dix*

So Ordered:

_____
J.S.C.

Dated: August __, 2021

**ZABELL & COLLOTTA, P.C.**


By: _____
    Saul D. Zabell, Esq.
    1 Corporate Drive, Suite 103
    Bohemia, NY 11716
    (631) 589-7242
    SZabell@laborlawsny.com

*Attorneys for Plaintiff Fredy Kaplan*

Dated: August __, 2021

**LETITIA JAMES
ATTORNEY GENERAL
STATE OF NEW YORK**

By: _____
    Michael A. Berg, Esq.
    Assistant Attorney General
    28 Liberty Street
    New York, New York 10005
    (212) 416-8651
    michael.berg@ag.ny.gov

*Attorneys for Defendants the New York State
Department of Labor, Pico Ben-Amotz, and
Michael Paglialonga*

Dated: August 11, 2021

**LUIBRAND LAW FIRM, LLC**

By: _____
    Kevin Luibrand, Esq.
    950 New Loudon Road, Suite 270
    Latham, New York 12110
    (518) 213-3770
    kluibrand@luibrandlaw.com

*Attorneys for Defendant Kathy Dix*

So Ordered:

_____
J.S.C.

1

Exhibit B

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FREDY KAPLAN, | |
| Plaintiff, | |
| – against – | No. 18 Civ. 3629 (KPF) |
| NEW YORK STATE DEPARTMENT OF LABOR, | |
| Defendant. | |

## STIPULATION AND ORDER OF DISMISSAL WITH PREJUDICE

IT IS HEREBY STIPULATED, AGREED and ORDERED by and between the undersigned

attorneys for the parties herein that, pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the above-captioned

action and all claims asserted therein against Roberta Reardon, Pico Ben-Amotz, Michael Paglialonga,

and Kathleen Dix are voluntarily dismissed with prejudice and without payments, attorneys' fees,

costs, disbursements or expenses to any party as against the other.


Dated: August __11___, 2021                ZABELL & COLLOTTA, P.C.
                                           *Attorneys for Plaintiff Fredy Kaplan*

                                           _____
                                           Saul D. Zabell, Esq.
                                           2 Corporate Drive
                                           Bohemia, New York 11716
                                           (631) 589-7242
                                           szabell@laborlawsny.com

Dated: August __//__, 2021

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants the New York*
*State Department of Labor, Roberta Reardon, Pico*
*Ben-Amotz, and Michael Paglialonga*

_____
Michael A. Berg, Esq.
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8651
michael.berg@ag.ny.gov

Dated: August _____, 2021

LUIBRAND LAW FIRM, LLC
*Attorneys for Defendant Kathy Dix*


_____
Kevin Luibrand, Esq.
950 New Loudon Road, Suite 270
Latham, New York 12110
(518) 213-3770
kluibrand@luibrand.law.com


SO ORDERED:


_____
Honorable Katherine Polk Failla
United States District Judge

Dated: August _____, 2021

LETITIA JAMES
Attorney General
State of New York
*Attorney for Defendants the New York*
*State Department of Labor, Roberta Reardon, Pico*
*Ben-Amotz, and Michael Paglialonga*

Michael A. Berg, Esq.
Assistant Attorney General
28 Liberty Street
New York, New York 10005
(212) 416-8651
michael.berg@ag.ny.gov

Dated: August ___11___, 2021

LUIBRAND LAW FIRM, LLC
*Attorneys for Defendant Kathy Dix*

Kevin Luibrand, Esq.
950 New Loudon Road, Suite 270
Latham, New York 12110
(518) 213-3770
kluibrand@luibrand.law.com

SO ORDERED:

Honorable Katherine Polk Failla
United States District Judge

Exhibit C

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FREDY KAPLAN,

                           Plaintiff,                    18 CV 3629 (KPF)

     - against -                            **PLAINTIFF'S AFFIDAVIT**
                                                 **REGARDING MEDICARE**

NEW YORK STATE DEPARTMENT OF LABOR,

                         Defendant.

STATE OF NEW YORK         )
                               ) ss.:
COUNTY OF NEW YORK    )

       Fredy Kaplan, being duly sworn, deposes and says:

1.     I am the plaintiff in the above-entitled action and I reside at [**address**], New York 1**xxxx** and my telephone number is [**number**].

2.     I am making this affidavit with full knowledge that the same will be relied upon by the State of New York, its agents, employees and representatives ("OAG") in connection with settlement of this action against the New York State Department of Labor, specifically as it relates to the OAG's obligations as to Medicare compliance primarily pursuant to Section 111 of the Medicare, Medicaid and SCHIP Extension Act of 2007 ("MMSEA") and the Medicare Secondary Payer Act ("MSP"). I understand that a query will be or has been made to verify my current Medicare eligibility status.

3.     I hereby acknowledge and understand that as mandated by the Centers for Medicare and Medicaid Services ("CMS") and promulgated by and through its rules and regulations including but not limited to the MMSEA or MSP, I am required to:

     a.     reimburse Medicare for *conditional payments* it has made from the settlement herein; or

     b.     utilize the settlement proceeds to pay for future medical expenses, when necessary.

4.      I further acknowledge that the information provided herein will be relied upon by defendant and OAG as true and accurate and, when applicable, will be used for reporting pursuant to the MMSEA or as deemed necessary or required by the defendant and OAG.

5.      I hereby agree to promptly provide the OAG with any and all information necessary and required for its reporting pursuant to MMSEA .

## PEDIGREE INFORMATION

6.       I have been known by (include all alias name(s), former name(s) maiden name(s)) the following names:  Fredy Kaplan. I hereby acknowledge that I can be identified by this/these name(s) and all these names are indeed referring to me.

7.      I consent to OAG verifying my current Medicare eligibility for purposes of its compliance with MMSEA.  I affirm:

   a.      my social security number is [**Social Security Number**];
   b.      my date of birth is [**Date of Birth**]; and
   c.      my gender is female.

## CURRENT MEDICARE ELIGIBILITY
*✐ Initial and affirm applicable current Medicare eligibility status ✐*

8.      As of the date of this affidavit:

   a.      ✐_____      I am not currently eligible for Medicare coverage and/or benefits nor have I ever received Medicare coverage and/or benefits;

**OR**

   b.      ✐_____      I am a Medicare beneficiary and my Medicare number [HIC #] is _____.  I am aware of my obligation to reimburse Medicare, as well as any Medicare Part C Plan (also referred to as Medicare Advantage Plans, Medi-Gap Plans), (collectively hereinafter referred to as "Medicare") for payments or benefits that I received directly or indirectly from Medicare for medical expenses for injuries that were the subject of this action.  I understand that reimbursement directly to Medicare may be made from proceeds I receive from the settlement of this action; and

         i.      ✐_____      Medicare has confirmed that no payment is due and owing from the total proceeds of the above-captioned litigation. ***(Attach copy of Medicare's Conditional Payment letter or Final Demand Letter)***; or

ii.   ✒_____    Medicare has confirmed that it will accept the total amount of $_____ as full and final reimbursement of all Medicare payments made to date. ***(Attach copy of Medicare's Conditional Payment Letter and/or Final Demand Letter)***. In accordance with the attached Medicare letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation; or

**iii.**   ✒_____    I am awaiting a Conditional Payment Letter and/or Final Demand Letter or equivalent information from Medicare. Upon my receipt of the necessary documentation, I will promptly provide it to Michael A. Berg and to OAG's Medicare Compliance Unit via email at Medicare.Compliance@ag.ny.gov. I agree that no interest or penalty will be assessed or demanded by me or on my behalf against the OAG for any delay in payment pursuant to the terms and conditions of the settlement in the above-captioned litigation prior to OAG's receipt of any and all necessary documentation from me issued by Medicare (including but not limited to Medicare's Conditional Payment Letter or Final Demand Letter). In accordance with Medicare's Conditional Payment Letter or Final Demand Letter, I consent to the payment of that sum directly from the total proceeds of the above-captioned litigation.

## FUTURE MEDICARE ELIGIBILITY
*✒ Initial and affirm applicable future Medicare eligibility status ✒*

9.    As of the date of this affidavit:

a.   ✒_____    I do not expect to be Medicare eligible within 30 months of the date of this affidavit and as of the date of the settlement of the above-captioned litigation. I affirm that I:
  i.    have not applied for Social Security Disability Insurance (SSDI);
  ii.    have not been denied SSDI and anticipating appealing that decision;
  iii.    am not in the process of appealing or re-filing for SSDI;
  iv.    am not 62.5 years or older; and
  v.    do not have End Stage Renal Disease (a qualifying condition for Medicare);

## OR

b.   ✒_____    I am not current a Medicare beneficiary. However, I anticipate that I will be Medicare eligible within 30 months of the date of this affidavit and the date of the settlement of the above-captioned litigation; and

  i.   ✒_____    I do not require any future treatment for injuries that are the subject of this action. The required certification(s) for the injuries alleged in the complaint is attached. The attached certification attests that there is no anticipated future treatment required for the injuries sustained in the within action; or

ii.    ✎_____    I do require future treatment for the injuries that are the subject of this action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable from the total proceeds of the above-captioned litigation. I affirm this sum will be used for the medicals expenses relating to the injuries of this action; or

iii.    ✎_____    I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action.  I understand and agree should I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from this agreement to pay for any medical expenses relating to such injuries.

**OR**

c.    ✎_____    I am currently a Medicare beneficiary and

i.    ✎_____    I do not require any future treatment for injuries that are the subject of this action.  The required certification(s) for the injuries alleged in the *complaint* is attached.  The attached certification attests that there is no anticipated future treatment required for the injuries sustained in the within action; or

ii.    ✎_____    I do require future treatment for the injuries that are the subject of this action.  In accordance with the attached Medicare Set-Aside Trust ("MSA"), I consent to the payment of $_____, payable from the total proceeds of the above-captioned litigation. I affirm this sum will be used for the medicals expenses relating to the injuries of this action; or

iii.    ✎_____    I have not sought treatment for the injuries alleged in this case and, as such, there are no medical expenses relating to the injuries alleged herein.  Furthermore, I do not anticipate seeking medical treatment for injuries alleged in this action.  I understand and agree should I require future treatment and/or prescription medication for such injuries, I will use the requisite amount of proceeds from this agreement to pay for any medical expenses relating to such injuries.

_____

Sworn to before me this
_____ day of _____, 2021.


_____
    NOTARY PUBLIC